**Erika HALEY, Respondent,**

v.

**Carl E. HALEY, Jr., Appellant.**

**No. 45064.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Donald L. Wolff, St. Louis, for appellant.

Richard L. Constance, St. Louis, for respondent.

CRIST, Judge.

Appeal from a judgment of contempt. The trial court ordered former husband (husband) confined to jail until such time as he complies with dissolution decree orders to divide marital property and pay former wife's (wife) attorney fees.

The facts are stipulated. On August 10, 1979, the dissolution decree ordered husband to pay $10,000.00 to wife as her share of the marital property and to pay directly to wife's attorneys their fee for the dissolution. At the time of the dissolution, the parties were possessed of $44,000.00 of United States Treasury Notes which were marital property. The notes were held in husband's and his minor son's name.

On November 5, 1979, wife attempted to execute on the $10,000.00 judgment by garnishing husband's wages. Upon service of this garnishment, husband quit his job and remains unemployed. Since the dissolution, husband has transferred all his interest in the Treasury Notes to his son and some third person.

On December 2, 1980, wife and her attorneys each filed Motions for Contempt against husband. The court found husband indigent by reason of his unemployment and appointed counsel to represent him. After finding husband had paid nothing to his wife or her attorneys, the court held husband in contempt. The court also found husband's transfer of interest in the Treasury Notes to be willful and contumacious.

Husband asserts contempt imprisonment for disobeying an order to pay wife money is imprisonment for debt in violation of Article I, section 11, Missouri Constitution.

"There is no question that the trial court had authority to order payment of a sum of money in lieu of making an award of specific items, *Claunch v. Claunch*, 525 S.W.2d 788, 791 (Mo.App.1975), and the power to divide property includes the power to render the judgment effective. *In re Marriage of Kueber*, 599 S.W.2d 259, 261 (Mo.App.1980)." *Norman v. Norman*, 604 S.W.2d 680, 685 (Mo.App.1980). An order to pay money as part of the division of marital property, like an order to pay maintenance or child support, creates an obligation arising from the existence of marital status and is not a debt in the sense used in the constitution. *Yeager v. Yeager*, 622 S.W.2d 339, 342–43 (Mo.App.1981). See also, *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo. banc 1976). "It is encumbent that the court be granted the authority to enforce all aspects of its decree not just those affecting maintenance and child support." *Yeager, supra.* In the present case, as in *Yeager*, wife was refused maintenance and awarded only a division of marital property. This case falls within *Yeager's* holding that contempt imprisonment enforcing an order to pay money as a division of marital property is not violative of the constitutional prohibition against imprisonment for debt.

Dissolution decrees may also include orders to pay attorneys' fees. Section 452.-355, RSMo.1978. Authorities quoted with approval in *Stanhope* upholding contempt imprisonment enforcing maintenance awards similarly uphold the constitutionality of contempt imprisonment enforcing awards of attorneys' fees. 24 Am.Jur.2d, §§ 754–755, pp. 861–63; 16 C.J.S. Constitutional Law § 204(2), p. 1007; 27B C.J.S. Divorce § 259, p. 91, *quoted at* 533 S.W.2d 572–73. Contempt may be used to effectuate all constitutionally permitted orders

contained in the dissolution decree. *Yeager, supra.*

Husband also asserts there was insufficient evidence to establish either that he was and is financially able to make the required payments or that he intentionally and contumaciously placed himself in a position so that he would not comply with the order of the court. The parties were possessed of marital property consisting of $44,000.00 of United States Treasury Notes at the time of the dissolution. Husband transferred these notes to his son and some other person. Additionally, he quit his employment when wife attempted to garnish his wages, thus intentionally and contumaciously putting himself in an apparent position of being unable to comply with the order. Accordingly, the contempt order is not against the weight of the evidence. *Teefey v. Teefey,* 533 S.W.2d 563 (Mo. banc 1976) and *Stanhope, supra.* Additionally, husband had the burden of proving inability to pay. *Hopkins v. Hopkins,* 626 S.W.2d 389, 391–92 (Mo.App.1981).

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.