**Kenneth A. REEVES,
Plaintiff-Appellant,**

**v.**

**Linda N. REEVES, n/k/a Linda N.
Smith, Defendant-Respondent.**

No. 48654.

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Stanley D. Schnaare, Anderson, Hammon, Dieffenbach & Schnaare, Hillsboro, for plaintiff-appellant.

Jeremiah W. Nixon, Nixon, Nixon & Breeze, Hillsboro, for defendant-respondent.

KAROHL, Judge.

Former husband appeals from judgment of contempt. The trial court ordered hus-

band incarcerated until he paid to his former wife back payments and interest of $10,110 in compliance with property settlement agreement incorporated by reference in dissolution decree of December, 1980.

■ The decree incorporated a Stipulation Agreement and Property Settlement prepared by husband and approved by the parties and the court. The agreement and the decree awarded custody of the two children to wife and ordered husband to pay $37.50 per week per child for support. Husband was given reasonable rights of visitation and reasonable rights of temporary custody. The agreement provided further that neither party pay maintenance for the support of the other. Certain personal property was divided by agreement. It also directed wife to execute quit claim deeds conveying to husband any interest she had in real estate owned by the parties and ordered husband to pay $20,000 at a rate of $300.00 per month in consideration for the conveyances. The decree was not merely a money judgment for wife in the amount of $20,000. It ordered husband to pay $20,000 to wife as agreed in the property settlement agreement. In that respect the decree differs from a money judgment in the usual civil suit.

In August 1981 wife and her children moved to Arkansas. Wife subsequently remarried. On November 29, 1983 wife filed a Motion for Contempt against husband. Husband filed a Cross-Motion for Contempt on January 6, 1984. The court found that wife executed the quit claim deeds per the divorce decree and that husband failed to comply with the order of the court as he made no payments regarding the property settlement after wife moved to Arkansas with the children. He paid all periodic child support payments. Husband encumbered his assets by joint ownership, transferring real estate and forming trusts. As a result conventional remedies to enforce the judgment were found by the trial court to be impractical. Husband testified that he was the sole signatory of a $40,000 trust. A house burned down on real estate owned by husband and he received a cash

settlement for the loss in excess of $40,000 which was not applied to the balance of the loan due and owing on the real estate. He has financial interests in at least four businesses which he placed in joint ownership further encumbering his assets. The court concluded that husband "is and was financially able to make the required payments and that he had intentionally, willfully and contumaciously placed himself in a position so that he cannot and will not comply with the Court's orders." The court ordered "Kenneth Allister Reeves, be incarcerated until the back due payments and interest are paid to Linda N. Reeves (Smith)."

Husband's sole point on appeal asserts that civil contempt imprisonment for failure to make payments to wife pursuant to an order not for child support, maintenance or in lieu of maintenance is imprisonment for a debt in violation of Article I, § 11, of the Missouri Constitution.

Missouri courts first recognize the rule that trial courts are "empowered to punish by imprisonment for contempt the failure of a person to comply with orders for payment of maintenance and child support ... Before ordering imprisonment trial courts should be convinced that the person is financially able to make the required payment or that he has intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders." *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575 (Mo. banc 1976). The court noted that for 110 years the rule was otherwise. *Id.* at 571. Until *Stanhope*, Missouri was a minority of one. A discussion of the immediate effect of the *Stanhope* rule may be found in *Gross v. Gross*, 557 S.W.2d 448, 452 (Mo.App.1977). The present issue, imprisonment for debt, was not involved in *Gross* because the trial judge opted only to punish contempt for non-payment of debts to third party creditors by a fine.

In *Yeager v. Yeager*, 622 S.W.2d 339 (Mo.App.1981), we extended the *Stanhope* holding and concluded that a spouse's conscious failure to make mortgage payments pursuant to the property provisions of a

dissolution decree should be enforced in the same manner as failure to make maintenance or support payments. *Id.* at 343. In *Yeager* we recognized that this matter is for the trial court alone to determine and the appellate court has no right or authority to dictate how the trial court shall exercise its discretion. *Id.* We further extended the *Stanhope* rule in *Haley v. Haley,* 648 S.W.2d 890 (Mo.App.1982) and held that "[a]n order to pay money as part of the division of marital property, like an order to pay maintenance or child support, creates an obligation arising from the existence of marital status and is not a debt in the sense used in the constitution." *Id.* at 891. Contempt may be used to effectuate all constitutionally permitted orders contained in the dissolution decree. *Id.* The present case parallels the *Haley* and *Yeager* decisions.

█ The contempt order is not against the weight of the evidence. *Teefey v. Teefey,* 533 S.W.2d 563, 566 (Mo. banc 1976). In fact husband testified repeatedly that he encumbered his assets to obstruct his wife from reaching them. He contends, however, that he stopped making payments because wife had taken the children out of the state. Husband fails to comprehend that his actions were in defiance of a court order and that his willful and contumacious failure to abide by that order was not justified because of his wife's actions. His remedy to protect his relationship with his children was to apply to the court to enforce or modify the decree.

We have been asked by husband to decide whether the parties to a separation or property settlement agreement in a dissolution proceeding can designate the property division provisions as simply a "debt" as that term is used in Article I, § 11 of the Missouri Constitution. This issue is not before the court and may never arise. Therefore we decline to consider the question.

We find no abuse of the trial court's order of contempt. Husband was found to have the financial means to pay the judgment. Conventional remedies were made ineffective by his planned efforts. His refusal to pay was willful and contumacious.

The judgment of contempt is affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.