ELLINGTON, Shirley fka Pinkston, Respondent,

v.

PINKSTON, Michael H., Appellant.

No. 62550.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Gary Richard Sarachan, Clayton, for respondent.

Thomas H. Ullmann, Weldon Springs, for appellant.

SIMON, Judge.

Appellant appeals the trial court's order finding him in contempt for nonpayment of a judgment and ordering him to pay $10,-527.75 to respondent, his former wife, or be incarcerated until said sum was paid. The money judgment resulted from a proceeding in equity to distribute marital property omitted in the original dissolution decree. On appeal, appellant contends that the trial court erred because it lacked jurisdiction to 1) enter the judgment of contempt since the underlying judgment distributing the omitted property is void and 2) order his incarceration for failure to pay a money judgment. We affirm.

The marriage of appellant and respondent was dissolved on February 24, 1986. The record indicates that respondent was not represented personally by an attorney, but shared appellant's attorney in the preparation of the settlement agreement, which omitted the pension and profit sharing plans. On October 26, 1988 respondent filed a petition seeking a distribution of appellant's vested pension and profit-sharing plans at Union Electric. She alleged that: 1) they were items of marital property not disposed of by the original decree, 2) she was unaware that they existed or that they were marital property at the time the original decree was entered, 3) a separation agreement disposed of other items of marital property and, 4) the original pleading neither described, nor requested a disposition of the plans. On March 12, 1990 appellant was ordered to pay respondent $9,500.00 which represented approximately one-half of the value of the plans as of the date of the dissolution of their marriage, and attorney fees. Respondent received a small payment pursuant to a garnishment and thereafter she filed a contempt motion. On July 2, 1992 the trial court found appellant had the ability to satisfy the judgment and his failure to do so was willful and contumacious. The trial court, further, ordered him to pay the balance not later than July 29, 1992 or be imprisoned starting July 30, 1992 until he complies with the court order. Appellant failed to comply and a warrant and commitment order was issued on July 31, 1992. He remains at

liberty on a supersedeas bond filed in this court.

In his first point on appeal, appellant contends that the trial court lacked jurisdiction to enter the order of March 12, 1990 because respondent failed to establish that: 1) the original decree was obtained by intrinsic fraud, accident or mistake, or 2) she was free from fault, negligence or inattention.

■■■ Appellant confuses the standard for invoking equitable relief in a separate proceeding to distribute marital property omitted from a dissolution decree with the standard for invoking equitable relief to set aside a judgment pursuant to Rule 74.06(d). Respondent's petition of October 26, 1988 was not a request to set aside the original decree but a pleading to divide marital property which was omitted in the original decree. In *Chrun v. Chrun*, 751 S.W.2d 752, 755[1] (Mo. banc. 1988) our Supreme Court confirmed the procedure, suggested in *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 407[2] (Mo. banc. 1980), that the proper procedure for dividing marital property which was omitted in the original decree is a separate proceeding seeking equitable relief. Here, since respondent sought to allocate marital property which was omitted in the original decree proof of extrinsic fraud is unnecessary. *Chrun*, 751 S.W.2d at 755[2]. Respondent's pleading and its reasonable inferences, and the evidence and its reasonable inferences viewed in a light favorable to the trial court's order provide sufficient support to establish that appellant's vested pension and profit sharing plans were omitted from the original dissolution decree due to a mistake sufficient to invoke the trial court's equity jurisdiction. See *Murphy v. Murphy*, 763 S.W.2d 237, 240–241[1][2] (Mo.App.1988); See also *Karney v. Wohl*, 785 S.W.2d 630, 633[3] (Mo.App.1990).

■■■ In his second point on appeal appellant contends that the order of March 12, 1990 was a money judgment not pertaining to maintenance or child support, therefore, the trial court lacked jurisdiction to incarcerate him for contempt. Appellant seems to blur the distinction between a debt and an order to distribute marital property in a dissolution proceeding. Incarceration for contempt for failing to pay a debt is prohibited. Mo. Const. Art. I, § 11. However, support payments arising from a dissolution decree are not considered to be debts subject to this prohibition. *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575[1–3] (Mo. banc. 1976). This rationale was extended to include an order to pay money as part of the division of marital property because, like an order to pay maintenance or child support, it is an obligation arising from the marital relationship. *Yeager v. Yeager*, 622 S.W.2d 339, 343[2, 3] (Mo.App.1981). Appellant contends that the holding in *Yeager* and the cases that follow it do not apply in his situation because the property division and subsequent money judgments were intertwined with maintenance. He contends that a money judgment as part of a property settlement which has no relationship to maintenance or child support cannot be enforced by contempt. His contentions are without merit. An order to pay money as a part of the division of marital property, like an order to pay maintenance or child support, creates an obligation arising from the existence of marital status and is not a debt in the sense used in the constitution. *Reeves v. Reeves*, 693 S.W.2d 149, 151[1] (Mo.App.1985). Contempt may be used to effectuate all constitutionally permitted orders contained in a dissolution decree. *Id.* Moreover, we note no distinction between an order dividing marital property which directs the payment of a sum of money and one which directs the delivery of certain items of property. *In re Horstmeier*, 690 S.W.2d 471 (Mo.App.1985). Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., dissents in separate opinion.

CRANE, J., concurs.

CARL R. GAERTNER, Presiding Judge, dissenting.

In *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567 (Mo. banc 1976), Missouri became the last of the fifty United States to authorize the imprisonment for contempt of court of a party who contumaciously refuses to pay a judgment for maintenance or-

dered in a dissolution of marriage decree. In so ruling, the Supreme Court carefully distinguished between a judgment arising out of a business obligation and a judgment for alimony (maintenance) or child support. The rationale underlying *Stanhope* is that a judgment for alimony, maintenance, or child support, involves a continuing duty sanctioned by public policy and is therefore "something more than an ordinary debt for money." *Id.* at 573. Nothing in *Stanhope* can be read as extending the exception to the constitutional prohibition against imprisonment for debt, Constitution of Missouri, Art. I § 11, to a failure to comply with provisions of a dissolution decree relating to the division of marital property.

Nevertheless, in *Yeager v. Yeager*, 622 S.W.2d 339 (Mo.App.1981), this court ruled that "a spouse's conscious failure to make mortgage payments pursuant to the property provisions of a decree, should be enforced in the same manner as the failure to make maintenance and support payments." *Id.* at 343. The court reasoned that the *Stanhope* principle applied to a decree provision requiring a husband to make mortgage payments upon the family residence because the decree expressly stated this requirement was in lieu of an award of maintenance. Moreover, the continuing nature of paying mortgage installments, similar to the periodic payments of maintenance or support, makes difficult enforcement by conventional procedures such as execution, garnishment, or attachment. *Yeager* served as the springboard in *Haley v. Haley*, 648 S.W.2d 890 (Mo.App.1982) and *Reeves v. Reeves*, 693 S.W.2d 149 (Mo. App.1985) for the extension of the *Stanhope* exception to a failure to comply with the provisions of a dissolution decree ordering the payment of money as a part of the division of marital property. In *Haley*, the husband had frustrated the wife's attempt to enforce the judgment through execution and garnishment by quitting his job and transferring liquid assets to his son. In *Reeves*, the decree ordered husband to pay wife $20,000 at the rate of $300 per month and therefore "differs from a money judgment in the usual civil suit." *Reeves*, at 150. Both *Reeves* and *Haley* leap beyond the specific facts which underlie their respective decisions to a general conclusion that "[c]ontempt may be used to effectuate all constitutionally permitted orders contained in a dissolution decree." *Haley* at 891; *Reeves* at 151. Nothing contained in the Supreme Court's decision in *Stanhope* supports such a broad conclusion.

Now the majority have taken even a further step by purporting to apply the *Stanhope* principle to a final judgment for a specific sum of money entered in a non-dissolution case. We are not concerned with a judgment for or in lieu of maintenance, so public policy issues do not arise. We are not faced with the practical problems of enforcing continuing periodic or installment payments. Furthermore, I perceive a certain anomaly between holding the rules pertaining to the setting aside of a judgment are not applicable because this is not an action to set aside the dissolution decree, and simultaneously holding that the rules pertaining to the enforcement of dissolution decrees are applicable.

Therefore, I dissent.