**Rita Jane EAKES, Respondent,**

v.

**Richard Iven EAKES, Appellant.**

**No. 69640.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 3, 1996.

Rehearing Denied Jan. 30, 1997.

---

**3.** Employee's motion to dismiss appeal for lack of jurisdiction ordered taken with the case is denied as moot.

Cynthia Eckelkamp, Union, for appellant.

John B. Berkemeyer, Hermann, for respondent.

DOWD, Presiding Judge.

Husband appeals from an equitable action filed by Wife to divide and distribute assets she claimed were mistakenly overlooked by the dissolution decree entered in their 1991 divorce. The trial court found that certain savings bonds and part of the proceeds from a Certificate of Deposit ("CD") remained undivided. It split these assets equally between the parties and awarded Wife attorney fees. It also ordered Husband to pay a debt owed to Wife as specified in the divorce decree. This order regarding the payment of debt is not contested. Rather, Husband now contends that the trial court's division of assets was improper. We affirm as modified.

## I. Background

Husband and Wife decided to divorce in October 1990. Working together, they created a list of their assets and then agreed how to divide them. On November 12, they consulted an attorney who, using the list, drafted a separation agreement. The decree of dissolution, entered on January 2, 1991, incorporated this settlement agreement.

In October 1994, Wife filed a suit in equity to divide assets she claimed were overlooked by the decree of dissolution. She alleged that a certificate of deposit worth $75,000 had been partially overlooked because the decree provided that one-half of the couple's CDs and U.S. Savings Bonds should go to Husband but made no mention of the other half. Wife testified that she received only $25,000 from this CD and seeks an additional $12,500. Husband testified that he cashed the CD in November 1990, before the separation agreement was signed. He also testified that $25,000 of the proceeds were immediately used to pay off a loan attained during the marriage and secured by the CD. He claimed that Wife knew about this arrangement and agreed to it.

Wife testified that she did not know that the CD secured a loan. She contended that she was entitled to one-half the face value of the CD as opposed to one-half of the proceeds remaining after the loan was repaid. She did admit, however, that she received the $25,000 from the CD before the dissolution decree was entered but did not raise this issue before the entry of the decree.

The trial court found that the agreement called for an even division of the $75,000 CD at its face value. It also found that the $25,000 had been retained by the lending bank, not to pay off the loan, but to secure it. The court then found that the money retained by the bank was an undivided marital asset and allocated one-half of the $25,000 to wife.

## II. Division of the Certificate of Deposit

▆ After a trial court has ordered a partial distribution of marital property and the judgment of dissolution is final, the dissolution court lacks jurisdiction under a motion filed in the original case to determine the nature of omitted property or to provide for its distribution. *Karney v. Wohl,* 785 S.W.2d 630, 633 (Mo.App. E.D.1990). The proper procedure for dividing marital property which was omitted from the original decree

because of mistake or fraud is a separate proceeding seeking equitable relief. *Ellington v. Pinkston*, 859 S.W.2d 798, 800 (Mo. App. E.D.1993); *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo.banc 1988).

■ Husband contends on appeal that there was no evidence that any proceeds of the CD were left to be overlooked at the time the dissolution decree was entered. We agree. Husband testified that the CD was cashed on November 8, 1990, and that $25,000 went to repay the bank, $25,000 went to Wife, and that he kept the remainder. Wife admits that she knew the CD had been cashed and that she received her $25,000 share before the dissolution decree was entered. There was no evidence presented supporting the court's finding that the bank had retained any portion of the CD. As such, there was no evidence that any portion of the CD remained undistributed after the dissolution. Moreover, there was no evidence that the $25,000 was overlooked due to mistake or fraud. Therefore, we conclude the trial court exceeded its authority in ordering Husband to pay Wife $12,500. The use of an equitable action in the instant case to divide assets which have already been distributed or dissipated prior to the dissolution decree is improper. Such equitable actions are not designed to recast dissolution decrees after they have become final. *See Gehm v. Gehm*, 707 S.W.2d 491, 494 (Mo.App. W.D.1986). Accordingly, we delete the portion of the trial court's order directing Husband to pay Wife $12,500.

### III. Division of Savings Bonds

■ Husband next complains that the trial court erred in awarding Wife the entire proceeds of a $75 U.S. Savings Bond purchased during the marriage. The separation agreement provided that one-half of the couple's bonds go to Husband but was silent as to the remaining half. A division of marital property is not subject to modification after the decree becomes final. *Spicuzza v. Spicuzza*, 886 S.W.2d 660, 661 (Mo.App. E.D.1994). While the trial court could have properly allocated the remaining one-half of the bond not provided for in the decree, it did not have the authority to award Wife the portion of the bond expressly allocated to Husband. We therefore modify the trial court's order to award one-half of the value of this bond to Husband and the other half to Wife. Rule 84.14.

### IV. Division of the Marital Checking Account

■ Husband next argues that the trial court erred in dividing the funds remaining in Husband and Wife's joint checking account just before the dissolution decree was entered. Although Husband admits that these funds were not allocated by the dissolution decree, he contends that Wife has failed to show that they were overlooked by mistake or fraud, as is required to invoke the equitable jurisdiction of the court. *See Ellington*, 859 S.W.2d at 800. We agree.

Wife's petition does not mention a joint checking account or related funds. At trial, Wife testified that approximately $6,500 was held in the account on December 31, 1990, the date when Husband depleted the account. She testified that she received none of these funds. Husband claimed that the account was not mentioned in the separation agreement because he and Wife had an informal agreement to divide the account equally. He claimed this informal agreement was fulfilled by a cashier's check which he gave to Wife in December 1990. Wife claimed that this check was unrelated to the division of the checking account. But, Wife offered no testimony or other evidence explaining the omission of the checking account from the agreement. In short, there was no evidence from which the trial court could conclude that the omission of the checking account funds from the dissolution decree was the result of mistake or fraud. Absent such evidence, the court below lacked authority to divide even those funds which were overlooked by the dissolution decree. *See Ellington*, 859 S.W.2d at 800. Accordingly, we modify the trial court's order to delete the award of $2,847.60 to Wife for undivided funds in the checking account.

### V. Award of Attorney Fees

■ Husband lastly challenges the trial court's order directing him to pay Wife's

attorney fees. Wife claims the award was proper because § 452.355, RSMo 1994, permits a trial court, in its discretion, to award attorneys' fees in proceedings pursuant to the dissolution statute, §§ 452.300 to 452.415, RSMo 1994. This case, however, is a separate equitable proceeding, not a dissolution action. Thus, the dissolution statute is inapplicable and the general rule applies with respect to attorneys' fees. That is, absent specific statutory authority or a contractual agreement, each litigant must bear the expense of his own attorneys' fees. *Stein v. Stein,* 789 S.W.2d 87, 97 (Mo.App. E.D.1990), citing *Dunn v. Bemor Petroleum,* 737 S.W.2d 187, 190 (Mo. banc 1987). Finding none of the above in the instant case, we delete the award of attorney fees.

The trial court's order is therefore modified to delete the $350 award of attorney fees, the $12,500 award for the CD, and the award of $2,847.60 for the checking account funds. We also modify the trial court's order to award one-half the value of the $75 EE savings bond to both Husband and Wife. In all other respects, the judgment of the trial court is affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.