**Patricia BEARE, Plaintiff/Appellant,**

**v.**

**John YARBROUGH, Joseph J. Becker, Charles F. Dufour, and Becker, Dufour & Yarbrough, Defendants/Respondents.**

No. 69168.

Missouri Court of Appeals,
Eastern District.
Division Three.

Jan. 21, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 17, 1997.

Application to Transfer Denied
April 29, 1997.

Andrew Rain Kasnetz, St. Louis, for plaintiff/appellant.

Thomas Joseph Plunkert, St. Louis, for defendants/respondents.

CRAHAN, Presiding Judge.

Patricia Beare ("Wife") appeals the judgment on the pleadings entered in favor of Defendants John Yarbrough, Joseph J. Becker, Charles F. Dufour and their law firm, Becker, Dufour and Yarbrough ("Law Firm") on her two count petition alleging professional negligence and breach of fiduciary duty. We affirm in part and reverse and remand in part.

A trial court may properly grant a motion for judgment on the pleadings only if the facts pleaded, together with the benefit of all reasonable inferences therefrom, show that the plaintiff cannot prevail under any legal theory. *A.R.H. v. W.H.S.*, 876 S.W.2d 687, 688 (Mo.App.1994). Wife's amended petition alleges that she and Husband, Harry Lloyd Beare, were married in 1965 and separated in 1987. Thereafter, Wife retained Attorney Yarbrough and Law Firm to represent her in her dissolution action. Attorney Yarbrough and Law Firm failed to fully disclose to Wife the extent and nature of their conflict of interest arising from the fact that Attorney Becker, another member of Law Firm, represented Husband at times before, during and after the dissolution proceeding and was a close personal friend and business associate of Husband.

During the course of negotiation of a property settlement agreement, Husband told Wife and Attorney Yarbrough that if Wife did not accept his offer, he would abscond with the majority of their marital property and Wife would be unable to locate him. Faced with this threat, and on the advice of Attorney Yarbrough, Wife executed the agreement.

Husband filed with the dissolution court a Statement of Property, reflecting a total value of the marital estate of $1,808,300.00, which included $985,000.00 in securities. Although the settlement agreement, incorporated into the decree of dissolution, recited that each party had made full disclosures of property to the other, Wife did not receive a copy of Husband's Statement of Property prior to her execution of the property settlement agreement or prior to entry of the decree incorporating the agreement.

Less than two months after the dissolution decree was entered, Husband died and a probate proceeding was instituted. Attorney Becker of Law Firm was appointed personal representative of Husband's estate. In that capacity, Attorney Becker caused to be filed an Inventory and Appraisement which listed a total value of all property as of the date of Husband's death of $1,608,204.49, including securities valued at $1,539,306.86.

After learning of this greatly increased valuation of Husband's securities, Wife (represented by new counsel) filed an equitable

action against Husband's estate seeking a declaration that the decree of dissolution did not divide all of the marital assets and a proper allocation of the omitted property between Wife and Husband's estate. This action was ultimately resolved by a consent judgment executed by Wife, Attorney Becker as personal representative, and the sole beneficiaries of Husband's estate. The consent judgment provided that the dissolution decree and settlement agreement incorporated therein had failed to divide certain marital property (securities) with an approximate value of $510,000.00 and that Wife was entitled to receive from the estate one-half of that amount, or $255,000.00. Wife was not to receive any pre-judgment or post-judgment interest if the judgment was paid within thirty days nor was there to be any award of costs. Upon payment, Wife agreed to release any and all claims she might have against Husband's estate. The consent judgment was entered and timely satisfied.

Wife then instituted the present action against Defendants for breach of fiduciary duty (Count I) and professional negligence (Count II). Alleging the foregoing facts and attaching the associated documents, Wife alleged that Yarbrough, Becker and Law Firm were professionally negligent and breached their fiduciary duties to her in the following respects:

1) Failing to conduct appropriate discovery to determine the full extent of Husband's property;

2) Failing to advise her of the availability of injunctive relief to prevent Husband from carrying out his threat to abscond with the majority of their marital property;

3) Drafting and advising Wife to sign the Property Settlement and Separation Agreement when they either knew the recitals therein were not true or had insufficient information to determine if they were true; and

4) Failing to disclose the full extent and nature of their conflict of interest due to Attorney Becker's representation of Husband before, during and after the dissolution proceeding and their close personal and business association.

Under each count, Wife sought damages in excess of $25,000.00, including interest on the $255,000.00 settlement in the equity suit, attorney's fees incurred in prosecuting the equity suit and attorney's fees paid for Attorney Yarbrough's services in the dissolution proceeding. Wife also sought punitive damages under Count I, breach of fiduciary duty.

In response, Defendants filed a joint motion for judgment on the pleadings. Defendants posited that the petition established that Wife had previously prosecuted the equity suit seeking as damages her proper allocation of the undivided marital property and attorney's fees and had obtained a consent judgment for $255,000.00 which did not include any pre- or post-judgment interest and awarded her no attorney's fees. Further, the petition established that this judgment was paid and, according to the terms of the judgment, Wife's claim was thereby "fully satisfied and released." Defendants urged that the pleadings therefore showed that Wife had already sued "an alleged tortfeasor" for the same damages she is claiming in this case, and that she has obtained a judgment on the merits and that the judgment has been satisfied. According to Defendants, this satisfaction of judgment thereby extinguishes all other claims against other parties liable for the same damages, including Defendants. The trial court sustained Defendants' motion for judgment on the pleadings and this appeal followed.

On appeal, Wife urges that the facts alleged in the petition and the reasonable inferences therefrom state a claim upon which she can prevail on a theory of professional negligence. Wife urges that her pleadings do not establish that Husband and Defendants are "joint tortfeasors" and that satisfaction of the judgment she obtained in the equity suit does not, in any event, represent a full satisfaction of her claim against Defendants herein. Although Wife concedes that she cannot obtain a second recovery of the marital property omitted in the dissolution action due to Defendants' negligence, Wife urges that she may nevertheless recover from Defendants interest on the amount ultimately recovered in the equity suit to compensate her for the delay in recovery, her

attorney's fees in the equity suit and the attorney's fees paid to Defendants for their negligent representation in the dissolution proceedings. According to Wife, these elements of damages are separate and independent elements of damage brought about through Defendants' negligence.

Defendants urge, as they did in the trial court, that Wife's pleadings establish that her action is barred by satisfaction of a judgment for the same wrong against a joint tortfeasor. Where judgment for a wrong is rendered against one who is a joint tortfeasor, and the judgment is satisfied, the plaintiff cannot recover another satisfaction for the same wrong. *Costello v. City of Ellisville*, 921 S.W.2d 134, 137 (Mo.App.1996). The term "joint tortfeasor" includes a single indivisible harm caused by independent, separate, but concurring wrongful acts of two or more persons. *Id.*; *Brickner v. Normandy Osteopathic Hosp., Inc.*, 687 S.W.2d 910, 912 (Mo.App.1985) (en banc). An indivisible injury results when two or more causes combine to produce an injury incapable of division on any reasonable basis and each is a substantial factor in bringing about the harm. *McDowell v. Kawasaki Motors Corp.*, 799 S.W.2d 854, 861–62 (Mo.App.1990). For a number of reasons, we find that this doctrine is inapplicable based on the pleadings before us.

First, Defendants assume that the pleadings and judgment in the equity suit establish that Husband was a tortfeasor. The pleadings and judgment in the equity suit, which are attached to the petition, make no such allegation or finding. Rather, the petition in the equity suit simply alleges the entry of the decree, Wife's acceptance of the settlement agreement following Husband's threat to abscond, Wife's ignorance of the valuation Husband placed upon the property prior to entry of the decree, the subsequent far greater valuation of Husband's securities by the personal representative, Wife's belief that Husband thus failed to make full disclosure, and as a result, a failure to divide all of the marital property in the decree. The consent judgment merely recites that the decree did not divide all of the marital property, that the omitted property was securities valued at approximately $510,000.00, that Wife's proper share of this property was $255,000.00 and that Wife should have judgment therefor against the estate. In other words, there was no pleading or finding that Husband had committed any tort against Wife, nor was any such pleading or finding necessary or essential to Wife's equity action. *See Ellington v. Pinkston*, 859 S.W.2d 798, 800 (Mo.App.1993) (mere mistake in omitting property from dissolution decree sufficient to support equity jurisdiction; proof of extrinsic fraud is unnecessary); *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988).[1]

Moreover, assuming arguendo that Husband was a tortfeasor, the pleadings before us do not establish that he was a "joint tortfeasor" with Defendants as contemplated by the "single satisfaction" rule Defendants invoke. Reduced to its essence, Defendants' contention is essentially that one forced to hire a second attorney to obtain damages the first attorney negligently failed to collect from a tortfeasor forfeits any cause of action against the first attorney if the second attorney is ultimately successful in obtaining a judgment and collecting it. Defendants have not cited any cases so applying the single satisfaction doctrine, nor does such an application appear to be consistent with its rationales. The potential for double recovery is at least remote, if not nonexistent, and the injury sustained by reason of the tortfeasor's and the attorney's conduct is not incapable of division on any reasonable basis. The only

---

1. In making this observation, we are not suggesting that the record conclusively establishes that Husband's conduct was *not* tortious, merely that the pleadings before us do not establish that it *was* tortious. Defendants do not identify in their brief the tort Husband allegedly committed. At oral argument, Defendants' counsel suggested Husband was guilty of fraud. The petition, however, alleges that Wife did not even see Husband's Statement of Property undervaluing the stock until after the decree was entered, which would appear to negate the element of reliance essential to a claim of fraud. In any event, for purposes of evaluating whether Defendants are entitled to judgment on the pleadings, it suffices to observe that the pleadings themselves do not establish that Husband was a tortfeasor or, as discussed *infra*, a joint tortfeasor with Defendants.

area of potentially overlapping damages are those for which the original tortfeasor would have been held responsible but for the original attorney's negligence. If the attorney's negligence is such that it precludes recovery altogether (*e.g.,* allowing the statute of limitations to run) the attorney may be held liable for the full amount, but with little if any possibility that the damages could ever be obtained from the original tortfeasor resulting in a double recovery. On the other hand, where a second attorney successfully accomplishes what the original attorney should have but negligently failed to do, satisfaction of the judgment by the original tortfeasor will never make the client whole for the damages caused by the original attorney's negligence—*i.e.,* interest foregone during the delay in recovery, possible diminution in settlement value, attorney's fees of the second attorney, amounts paid to the first attorney for negligent performance, *etc.* For the most part, these are elements of damage that are not recoverable from the original tortfeasor. Because the injury caused by the respective conduct is readily capable of division on a reasonable basis, we find that the "single satisfaction" doctrine does not bar recovery of the types of damages claimed in the petition.

█ Finally, assuming *arguendo* that the "single satisfaction" rule could be applied to

**2.** Rule 1.10(a) of the Missouri Rules of Professional Conduct provides:
RULE 1.10 IMPUTED DISQUALIFICATION: GENERAL RULE
(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2.

**3.** Rule 1.9(a) of the Missouri Rules of Professional Conduct provides:
RULE 1.9 CONFLICT OF INTEREST: FORMER CLIENT
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; . . . .

**4.** Attorney Becker's representation of the estate with respect to the subject matter of the equity suit was further barred by § 1.7(b), which provides:

bar an action against an attorney who negligently fails to obtain recovery against the original tortfeasor, public policy would prevent these particular defendants from invoking it under the circumstances alleged because the consent judgment upon which they rely was obtained in violation of the Missouri Rules of Professional Conduct. Specifically, under Rule 1.10(a), no partner of Attorney Yarbrough could knowingly represent a client if Attorney Yarbrough himself would be prohibited from doing so by reason of a conflict of interest.[2] Because the equity suit sought recovery of marital assets Attorney Yarbrough was originally retained to pursue in the dissolution suit, it follows that neither Attorney Yarbrough nor any member of the firm could properly represent Husband's estate against Wife with respect to that claim. *See* Rule 1.9(a).[3] Thus, Attorney Becker could not properly negotiate a consent judgment with Wife as personal representative of the estate and certainly should not be allowed to benefit from the consent judgment he did negotiate.[4]

For all of the foregoing reasons, we hold that Defendants were not entitled to judgment on the pleadings on Wife's claim for professional negligence. Accordingly, we reverse and remand Count II for further proceedings consistent with this opinion.

RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE
\* \* \* \*
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, *or by the lawyer's own interests,* unless:
(1) the lawyer reasonably believes the representation will not be adversely affected;
(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
(emphasis added). At the time Attorney Becker negotiated the consent judgment, Wife clearly had a potential claim against Law Firm for failure to pursue all of the marital assets in the dissolution action. To now permit Law Firm to set up that judgment as a defense to that claim would thus sanction Law Firm's use of its representation of a conflicting interest to advance its own interests.

In her second point, Wife urges that the trial court improperly granted judgment on the pleadings with respect to her claim for breach of fiduciary duty. Wife urges that the facts alleged, together with all reasonable inferences therefrom, state a claim for breach of fiduciary duty based on conflict of interest which is separate and apart from her claim for professional negligence. We disagree. In *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 629–30 (Mo. banc 1995), the sole authority cited by Wife, the Missouri Supreme Court considered a similar contention involving an alleged breach of fiduciary duty by a law firm. The court held that where the alleged breach is a result of the attorney's negligent performance of professional services, it must be treated as a claim for attorney malpractice. *Id.* Although Wife attempts to distinguish *Donahue* by characterizing her claim as one based on Defendants' breach of their duty of loyalty, the only damages claimed by Wife are attributable solely to Attorney Yarbrough's alleged negligence in allowing Husband to omit significant assets from the dissolution proceeding. Put another way, had Attorney Yarbrough, despite the alleged conflict, properly pursued the remedies available to Wife and obtained her proper share of the assets in the dissolution proceeding, Wife would have no claim for breach of fiduciary duty. Under such circumstances, it is clear that Wife's claim of breach of fiduciary duty is in fact no more than a claim for professional negligence and therefore must be treated as such. *Id.* The trial court properly granted judgment on the pleadings with respect to Count I.

The judgment in favor of Defendants on Count I, breach of fiduciary duty, is affirmed. Judgment in favor of Defendants on Count II, professional negligence, is reversed and the cause is remanded for further proceeding consistent with this opinion. Costs are assessed against Defendants.

GRIMM and HOFF, JJ., concur.