**Douglas Raymond WILLIAMS,**
**Appellant,**

v.

**Gina Maureen WILLIAMS,**
**Respondent.**

No. ED 75935.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2000.

Application for Transfer Denied
Aug. 29, 2000.

**722**

Hilton, Gillespie & Kiesewetter, LLC, Bruce F. Hilton, Lawrence G. Gillespie, Kirkwood, for appellant.

Kruse, Reinker & Hamilton, LLC, Robert N. Hamilton, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Douglas Raymond Williams, ("husband"), appeals from the judgment of the Circuit Court of St. Louis County in favor of respondent, Gina Maureen Williams ("wife"), awarding her attorney's fees and costs on appeal in the amount of $4500.

The parties were married in 1976 and have one child born of the marriage. On October 31, 1996, the marriage was dissolved by a decree. The decree incorporated a settlement agreement that set forth a division of the marital property, stated terms governing the custody of the minor child of the marriage, and provided for continuing maintenance and support obligations on part of husband. Within the year following the decree, both parties filed numerous motions, including motions to modify and for contempt. These motions were heard and denied on June 29, 1997.

On October 21, 1997, husband filed a motion to set aside the decree stating he had suffered from a mental illness before, and at the time the decree was entered. On February 9, 1998, the trial court dismissed husband's motion with prejudice. Husband appealed.

On October 20, 1998, this court affirmed the judgment of the trial court. *Williams v. Williams*, 980 S.W.2d 137 (Mo.App. E.D.1998). On October 26, 1998, husband filed a petition in bankruptcy seeking relief under Chapter 7 of the United States Bankruptcy Code. On December 18, 1998, this court's mandate was issued on the opinion of October 20, 1998.[1]

On January 7, 1999, wife sought and obtained an order from the United States Bankruptcy Court, Eastern District of Missouri, lifting the Bankruptcy Code's au-

1. The opinion of October 20, 1998 addressed husband's motion to set aside the decree, which is not an action against the debtor, therefore we find no error in the fact that the mandate issued, i.e., the judgment would not be void as an action taken by a court in contravention to the bankruptcy court's stay.

tomatic stay and authorizing wife to pursue a claim against husband for attorney's fees and costs on appeal. On January 15, 1999, wife filed a motion with the trial court seeking attorney's fees and costs associated with that appeal. After a hearing on February 11, 1999, the trial court granted wife's motion, awarding wife $4500. On February 19, 1999, husband filed a motion for new trial or in the alternative, motion to dismiss. On March 2, 1999, the trial court overruled husband's motion. Husband appealed.

Husband raises two points on appeal. In his first point, husband alleges the trial court erred in entering judgment in favor of wife because it lacked jurisdiction, in that wife's motion for attorney's fees and costs on appeal was filed with the trial court after the mandate of this court was issued to and received by the trial court. We disagree.

Husband cites numerous cases for the proposition that trial courts are without authority to entertain motions for attorneys' fees after the issuance of an appellate mandate that affirms a prior judgment of the trial court. *See Papin v. Papin*, 475 S.W.2d 73 (Mo.1972); *Meierer v. Meierer*, 876 S.W.2d 36 (Mo.App. W.D.1994). However, husband does not provide any cases that address the situation before us, which is: What effect did husband's filing of a petition for bankruptcy have on wife's ability to file her motion for attorneys' fees after the mandate issued.

■ Wife directs us to Federal Bankruptcy Law, 11 U.S.C. Section 362, which operates as an automatic stay order preventing claims from being filed and pursued against a debtor once a bankruptcy petition is filed. Specifically, section 362(a)(1) provides a stay shall be imposed on:

The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding [i] against the debtor that was or could have been commenced before the commencement of the case under this title, or [ii] to recover a claim against the debtor that arose before the commencement of the case under this title[.]

Further, "Section 362 is 'extremely broad in scope' and 'should apply to almost any type of formal or informal action against the debtor or the property of the estate.'" *Delpit v. Commissioner Internal Revenue Service*, 18 F.3d 768, 771 (C.A.9 1994) (citing 2 *Collier on Bankruptcy* p 362.04 at 362–34 (15th ed.1993)).

■ On October 20, 1998 this court affirmed the judgment of the trial court. Missouri case law illustrates that a trial court has the authority to entertain motions for attorneys' fees up until the time this court issues its mandate. *See Meierer v. Meierer*, 876 S.W.2d 36 (Mo.App. W.D. 1994). Husband, in the case at bar, filed his petition for bankruptcy on October 26, 1998, almost two months before this court issued its mandate on December 18, 1998. We find wife's motion for attorney's fees was clearly a formal action against husband, the debtor, because it was a commencement of a judicial proceeding against husband that could have been commenced on or before October 26, 1998, i.e., before the commencement of his petition for bankruptcy.

■ Eleven U.S.C. Section 362 has a counterpart in 11 U.S.C. Section 108, which operates to extend the time period a creditor can file an action if such creditor was previously prevented from filing an action as a result of the automatic stay. Specifically, this section states:

[I]f applicable nonbankruptcy law...fixes a period for commencing or continuing a civil action in a court other than bankruptcy court...against the debtor,...and such period had not expired before the date of filing of the petition, then such period does not expire until the later of: (1) the end of such period, including any suspension of such period occurring on or after the

commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1202, or 1301 of this title, as the case may be, with respect to such claim. 11 U.S.C. Section 108(c)(1), (2).

On October 26, 1998, once husband filed his petition in the bankruptcy court, an automatic stay was in operation under 11 U.S.C. Section 362. On January 7, 1999, when wife sought and obtained an order from the Bankruptcy Court lifting the automatic stay, 11 U.S.C. Section 108 operated as an extension for 30 days for which wife could then file her motion for attorney's fees and costs on appeal. Wife filed her motion on January 15, 1999, well within the 30–day time frame set by section 108.

Husband argues that wife's reliance on 11 U.S.C. 108(c) is "unavailing and misplaced." Husband maintains that section 108 merely extends the period of time for commencing or continuing a civil action against a debtor in bankruptcy, but does not enlarge a trial court's jurisdiction. Husband however, does not cite any case law to support his contention. Wife, in her response brief, points to *Howard v. Howard,* 670 S.W.2d 737, 739 (Tex.App. 4 Dist. 1984), wherein the court held the automatic stay imposed in a bankruptcy proceeding suspended the time limit within which a motion for new trial must be filed, and thus the trial court retained jurisdiction. Husband does not address *Howard* in his reply brief.

■ We conclude the trial court retained jurisdiction to hear wife's motion for attorney's fees and costs on appeal, as 11 U.S.C. section 362 operated as an automatic stay order, preventing wife from filing her motion before the mandate was issued. Eleven U.S.C. section 108 extended the time wife could file her motion to 30 days after the Bankruptcy Court lifted the automatic stay and therefore husband's first point on appeal is denied.

■ In his second point, husband alleges the trial court erred in entering judgment in favor of wife because such judgment is based upon a misapplication of law. Specifically, section 452.355 RSMo Cum. Supp.1998, in that the underlying case was brought under Rule 74.06, to which a trial court's authority to grant attorney's fees under section 452.355, is inapplicable. We again disagree.

Section 452.355.1 provides in part:

...[T]he court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of a final judgment.

Husband cites cases for the proposition that section 452.355 does not apply to Rule 74.06 proceedings. However, all of husband's cases are distinguishable. In *Stein v. Stein,* 789 S.W.2d 87, 97 (Mo.App. E.D. 1990), the court held section 452.355 was inapplicable in that wife's action was a separate equitable proceeding, not a dissolution action. In *Stein,* wife filed an action in equity, approximately four years after the court dissolved the parties' marriage, seeking to divide property not previously apportioned, and to vacate and set aside the decree and separation agreement by reason of fraud, misrepresentation, duress, and coercion. *Id.* at 91. In *Eakes v. Eakes,* 937 S.W.2d 336, 339 (Mo.App. E.D. 1996) the court held, like the *Stein* court, section 452.355 was inapplicable in that wife's action was a separate equitable proceeding, not a dissolution action. In *Eakes,* wife filed a suit in equity, approximately three years after the decree of dissolution was entered, seeking to divide assets she claimed were overlooked by the

decree of dissolution. In *Burris v. Burris,* 904 S.W.2d 564, 571 (Mo.App. S.D.1995), the court held section 453.355 was not applicable because the action was not pursuant to sections 452.300 to 452.415, but rather was a tort action for damages. In *Burris,* wife filed an action for fraud in the concealment of marital property.[2]

In the case at bar, husband filed a motion under the original action, attempting to set aside the decree on the basis of his suffering from a mental illness, within one year of the original judgment, under the same cause number. Husband's action was in the form of a motion and therefore distinguishable from the cases found to be separate equitable proceedings. *See Iverson v. Wyatt,* 969 S.W.2d 797 (Mo.App. W.D.1998), wherein the court found husband's use of Rule 74.06 under the original dissolution case to be a motion. Further husband's motion attacked the essence of the decree, requiring wife to defend the decree itself.

Therefore, because we find husband's use of Rule 74.06 to be a motion filed under the original dissolution proceeding, and find the language under section 452.355 compelling in that it states attorney's fees may be awarded to a party as part of costs for "maintaining or defending any proceeding under sections 452.300 to 452.415...", we find the trial court did have authority to grant attorney's fees under 452.355.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.

**2.** The facts do not indicate when wife's fraud action was filed, but indicates the divorce was finalized in 1988.