George H. HEINZE and Vera J. Heinze, husband and wife, Plaintiffs-Respondents,

v.

Leland HOBSON and Lavola Hobson, husband and wife, Defendants-Appellants.

No. 42274.

Missouri Court of Appeals, Eastern District, Division One.

July 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

---

J. Patrick Wheeler, Canton, for defendants-appellants.

Dennis W. Smith, Canton, for plaintiffs-respondents.

STEPHAN, Presiding Judge.

This case involves conflicting claims to real property. Plaintiffs and defendants are neighbors who live on adjoining tracts which front on Highway 81 approximately two miles north of Kahoka, Missouri, in Clark County. The disputed property, which is generally situated on the boundary between the landowners, was conveyed from defendants to plaintiffs on March 15, 1965 by general warranty deed. Plaintiffs filed suit to quiet title to the property described in that deed. Defendants counterclaimed alleging mutual mistake in the legal description of the property as shown in the deed and seeking reformation of the deed. The case was tried to the court which entered judgment quieting title in plaintiffs and denying defendants' claim for reformation. We affirm.

Defendants' primary contention is that the trial court erred in denying reformation of the deed because there was sufficient evidence to show mutual mistake regarding a boundary described in the deed.

The trial court quieted title in plaintiffs to land described as follows:

"Beginning at a point 520 feet South of the Northeast corner of the Northwest fourth of the Southwest quarter of Section 12, Township 65, Range 8 West, thence South 50 feet to the East right-of-way line of Missouri State Highway No. 81; thence in a southeasterly direction along said East right-of-way line of Missouri Highway No. 81 for a distance of 575 feet; thence in a northeasterly direction 100 feet to the boundary of the property known as the Hiller Estate and thence in a northwesterly direction along said boundary line of the Hiller Estate to the point of beginning; all lying in the Northeast fourth of the Southwest quarter of Section 12."

The deed reciting this description includes an additional paragraph: "Being the same tract of land conveyed to the Parties of the First Part herein [defendants Hobson] by a general warranty deed from George A. Oilar and Geneva K. Oilar, his wife, dated December 30, 1963. . . . "

The trial court found that defendants failed to sustain their burden of proof on the issue of reformation based on mutual mistake. Mutual mistake means that both parties did what neither intended to do. *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 268 (Mo. banc 1973). Mutual mistake must be established by clear, cogent and convincing evidence. *Rainey v. Foland*, 555 S.W.2d 88, 91[5] (Mo. App.1977). To prove mutual mistake it is sufficient to show that the parties agreed to accomplish a particular object by the deed and that the deed, as executed, was insufficient to effectuate their intention. *Niemeyer v. Stephens*, 515 S.W.2d 65, 66 (Mo. App.1974).

Appellate review of a court-tried case challenging the sufficiency of the evi-

dence is governed by the precepts of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) which require an appellate court to affirm the trial court's judgment unless it is against the weight of the evidence.[1] The decision to reverse a judgment on the ground that it is against the weight of the evidence should be exercised with caution and a firm belief that the judgment is wrong. Id., at 32.

■ The evidence showed that the parties jointly viewed the land to determine the particular tract to be conveyed. They measured a distance agreeable to both and marked the end point that determined the width of the tract. Neither measured the length of the tract, and the tract was not surveyed prior to the conveyance. An old fence line divided the neighbors' respective tracts and served as a property line. Indeed, it became the right longitudinal (southeast) boundary of the disputed tract. The parties jointly built a new fence on the left longitudinal (northwest) boundary of the tract. The parties both relied on and referred to the "Oilar property." The deed conveying the disputed tract from defendants to plaintiffs (Hobson to Heinze) described the tract in terms identical to the conveyance from Oilar to defendants Hobson. It conveyed the land that the parties intended to convey based on their visual inspection and their limited measurements. The deed accomplished their object and intention. Thus, the evidence supports the finding of the trial court that there was no mutual mistake.

Defendants have raised several other points on appeal. These points must be dismissed under the mandate of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), for failure to comply with Rule 84.04(d) and (e).

This court determines that an extended opinion would have no precedential value and, therefore, the judgment of the trial court is affirmed in compliance with Rule 84.16(b).

STEWART and DOWD, JJ., concur.

1. Defendants urge that the record be reviewed *de novo*. This standard of review no longer exists. *Murphy v. Carron*, supra.