Mary Jeanne (Ahrens) LUDLOW,
Respondent,

v.

Christopher David AHRENS, Appellant.

No. WD 43448.

Missouri Court of Appeals,
Western District.

July 2, 1991.

Thomas E. Hankins, Gladstone, for appellant.

George E. Kapke, Independence, for respondent.

Before BERREY, P.J., and GAITAN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Appellant Christopher David Ahrens appeals a judgment enforcing the contract he and his ex-wife, Respondent Mary Jeanne (Ahrens) Ludlow, entered into at the time of their dissolution of marriage. Respondent filed a breach of contract action alleging Appellant had failed to pay an installment due under the property division as set out in the contract. Appellant filed a counterclaim requesting that the terms of the contract be modified due to a mutual mistake of fact. The trial court found no mutual mistake of fact, denied the prayer for modification, found appellant had breached the contract and entered judgment enforcing the terms of the contract. The trial court further ordered appellant to pay marital debts which were unknown when the parties entered into the contract.

Judgment affirmed.

The pertinent facts are as follows:

Christopher D. Ahrens and Mary Jeanne (Ahrens) Ludlow were married on June 14, 1986. They separated on or about November 27, 1988, and entered into a property settlement agreement on July 5, 1989. Thereafter, this agreement was presented to the court in their dissolution of marriage action, was found not to be unconscionable, and was incorporated into the decree of dissolution.

There were no children born of the marriage. Each party has custody of two children from a prior marriage. Mr. Ahrens was a partner in the law firm of Gilmore & Bell, both prior to and during the marriage. His annual income during the marriage was well in excess of $150,000.00. There was no evidence of any decrease in his income subsequent to the dissolution.

Prior to the marriage, Ms. Ludlow was employed as a tenured teacher in the Blue Valley School District with an annual income of approximately $28,000.00. Ms. Ludlow gave up her position and did not work during the marriage. She utilized this time to pursue and obtain her specialist degree in education, which qualifies her for an administrative position with a school district. After the dissolution, Ms. Ludlow

worked part-time until February 15, 1990. On that date she obtained full-time employment as a magnet resource teacher with an annual salary of $30,400.00.

During the marriage, $85,000.00 of marital income was expended to pay off Mr. Ahrens's pre-marital debt. Mr. Ahrens incurred this debt in the acquisition of what he believed would be a tax-sheltered investment. All interest in this investment was set off to him under the property settlement agreement. Pursuant to other terms of the agreement, Mr. Ahrens assumed responsibility for approximately $195,000.00 of debt, $50,000.00 of which was pre-marital debt and $114,000.00 of which was the first mortgage on Mr. Ahrens's non-marital home which he retained after the dissolution. Ms. Ludlow's own separate non-marital home was sold during the marriage. Her equity was deposited into a marital bank account and was expended by the parties.

Additional provisions of the property settlement agreement relevant to this appeal are as follows:

13. CASH PAYMENTS:

(c) Respondent will sign a promissory note obligating him to pay to Petitioner the sum of $13,900, payable as follows: $2,300.00 on August 1, 1989, $2,300.00 on September 1, 1989, and $9,300.00 on October 1, 1989. The note will bear no interest if payments are timely made and shall bear interest at 9% per annum on all sum [sic] that are in default from and after the date of default.

19. 1988 TAX RETURNS: Petitioner agrees to cooperate fully in the preparation of and execution of joint 1988 federal and state tax returns and agrees that Respondent will receive any and all tax refunds and Respondent will be responsible for any amount due.

In 1985, Mr. Ahrens was single and filed an individual tax return. He received a tax refund in approximately June, 1986, as a result of this return. The refund was used to purchase a wedding ring for Ms. Ludlow and to pay the expenses of the parties' honeymoon. The parties filed joint 1986 federal and state tax returns, both of which were later amended. A 1986 federal tax refund of $14,757.00 was received, placed in a joint account, and used to pay marital obligations. The parties filed joint 1987 federal and state tax returns. A refund of $4,516.00 was received and spent on marital obligations. The parties filed joint 1988 federal and state tax returns. The filing of these returns resulted in a federal refund of $3,655.00 and a state refund of $4,340.00.

The I.R.S. audited the 1985 federal return filed by Mr. Ahrens and the parties' 1986 and 1987 returns. The I.R.S. disallowed deductions and credits for the investment in which Mr. Ahrens was involved prior to the marriage. As a result of this disallowance, in August, 1989 Mr. Ahrens was notified that, instead of a refund on his 1985 tax return, he owes $39,451.00 in additional taxes, penalties and interest. Mr. Ahrens and Ms. Ludlow were also notified that additional taxes, penalties and interest are owed for 1986 in the amount of $38,857.00 and for 1987 in the amount of $17,129.00.

Upon learning of these tax deficiencies totaling $95,437.00, Mr. Ahrens failed to make the October 1, 1989 payment of $9,300.00 to Ms. Ludlow required under the property settlement agreement. Thereafter, Ms. Ludlow received the parties' 1988 tax refund checks totaling $7,995.00. Rather than relinquish these checks to Mr. Ahrens, Ms. Ludlow retained them due to his failure to make the $9,300.00 payment.

Prior to October 1, 1989, Mr. Ahrens had made all cash payments due Ms. Ludlow pursuant to paragraph 13(c) of their property settlement agreement. He had not, however, executed the requisite promissory note in favor of Ms. Ludlow. As a result, Ms. Ludlow elected to enforce her rights under the property settlement agreement in a breach of contract action, rather than under the July 5, 1989 dissolution decree which incorporated said agreement. Ms. Ludlow filed her Petition For Breach Of Contract on November 1, 1989, praying for a judgment against Mr. Ahrens of $9,300.00, and for her attorney's fees as

provided for in the property settlement agreement. Mr. Ahrens filed his answer alleging that the property settlement agreement was entered into by mutual mistake and, therefore, should not be enforced. He also filed a counterclaim seeking to amend the decree of dissolution which incorporated the property settlement agreement. He further sought a judgment against Ms. Ludlow for the entire $56,000.00 deficiency owing to the I.R.S. on the 1986 and 1987 joint tax returns, as well as his attorney fees.

Mr. Ahrens had previously filed a Motion To Amend Decree and for Equitable Relief in the original dissolution action. On the day of trial in this case, he voluntarily dismissed that motion.

The trial court awarded judgment to Ms. Ludlow of $9,300.00, plus $1,500.00 in attorney's fees; awarded judgment to Mr. Ahrens of $7,995.00, the amount of the 1988 tax refunds; and held Mr. Ahrens fully liable for all taxes, penalties, interest and other charges made in connection with the joint federal and state income tax returns of the parties. This timely appeal followed.

Appellant Ahrens presents a sole point, subdivided, which, in summary, charges that the trial court erred in ordering appellant to pay all tax liability due and owing by virtue of the parties' joint 1986 and 1987 federal income tax returns. He contends the trial court ruled against the weight of the evidence because (a) the evidence was that the property settlement agreement was entered into by virtue of a mutual mistake as to a material fact, in that at the time the agreement was executed, Mr. Ahrens had a tax debt of $39,451.00, and Mr. Ahrens and Ms. Ludlow had an additional marital tax debt of $55,986.00, of which neither party was aware; and (b) under the law, because the existence, extent and allocation of marital debts are factors to be considered in establishing a fair division of marital assets and, because the existence and extent of the aforesaid indebtedness was not known and therefore was not allocated or considered in the dissolution proceedings, the division and distribution of marital assets contained in the property settlement agreement and decree were unfair and unconscionable.

Appellant's sole point is taken up and, after full consideration, is found to be without merit and is ruled against him.

 This is a court-tried case. The judgment of the trial court shall be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Here, the trial court did not make specific findings of fact. Where the record contains no request by either side to the trial court for findings of fact or conclusions of law, and the court made no findings of facts or conclusions of law, all facts are presumed found in accord with the judgment, and the judgment is to be upheld under any reasonable theory presented and supported by the evidence. *Lohrmann v. Carter*, 657 S.W.2d 372, 377 (Mo.App.1983).

Under his subpoint (a), Mr. Ahrens claims that the trial court's judgment was against the weight of the evidence in that appellant should not be held responsible for 100% of the tax liability due and owing from tax years 1986 and 1987, because the property settlement agreement was entered into by mutual mistake in that neither party was aware of the additional marital debt they subsequently incurred as a result of the I.R.S. audit.

 This is not a case of mutual mistake. Mutual mistake, by definition, means both parties did what neither intended to do. *Heinze v. Hobson*, 622 S.W.2d 17, 18 (Mo.App.1981). Further, mutual mistake presupposes a prior agreement between the parties that is not accurately recited or preserved in the written document. *Herhalser v. Herhalser*, 401 S.W.2d 187, 192 (Mo.App.1966). There is no such prior agreement contemplating future tax liability for 1986 or 1987. The property settlement agreement is void of any mention of an agreement with regard to future tax liability for the years 1986 or 1987. Its

only provision relating to income taxes is limited to the 1988 return.

■ Mr. Ahrens argues he would not have entered into the property settlement agreement if he had known the August, 1989 results of the I.R.S. audit which imposed additional tax liability of $95,437.00. He argues the parties' lack of knowledge of the results of the audit was a mutual mistake of fact. The determination of whether a mutual mistake exists is based on the facts in existence, past or present, at the time the contract was signed, not future contingencies. *Thies v. St. Louis County*, 402 S.W.2d 376, 381 (Mo.1966) citing *Jennings v. Metropolitan Life Ins. Co.*, 166 S.W.2d 339, 344 (Mo.App.1943). A mutual mistake in prophesy or opinion is not a ground for recision where such mistake becomes evident through the passage of time. *Jennings v. Metropolitian Life Ins. Co.*, 166 S.W.2d at 344. "What is today only a conjecture, an opinion, or a guess, might by tomorrow, through the exercise of hindsight, be regarded then as an absolute fact." *Jennings*, 166 S.W.2d at 344.

Mr. Ahrens is not entitled to any relief for the 1986 or 1987 tax liability under the theory of mutual mistake and, therefore, appellant's subpoint (a) is denied.

Under subpoint (b), Mr. Ahrens contends the trial court abused its discretion and ruled against the weight of the evidence in holding him 100% responsible for tax liability incurred for the years 1986 and 1987 in that the property settlement agreement was unfair and unconscionable because, in essence, Mr. Ahrens was responsible for more marital debt than Ms. Ludlow, and such a ruling was based on an erroneous application of law.

■ When marital property has been omitted from distributions in a dissolution action and the judgment is final, the remedy is to bring a separate suit in equity to determine the nature of the property and its proper disposition. *Gehm v. Gehm*, 707 S.W.2d 491, 495 (Mo.App.1986); *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 407 (Mo.banc 1980). Although the form of

the remedy Mr. Ahrens pursues in his counterclaim is unclear, substance not form prevails. *Robinson v. Clements*, 409 S.W.2d 215, 221 (Mo.App.1966); *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 888–89 (Mo.banc 1987). In substance, the counterclaim is in the nature of an equitable action requesting allocation of unknown and, therefore, unallocated marital debt. Previously, only omitted marital property, not debt, has been allocated in a separate equity action. The parties do not raise the issue of whether the trial court had authority to order allocation of marital debt, rather than marital property, when omitted from the property settlement agreement and dissolution decree. Therefore, that question is not specifically addressed in this case.

■ On review, the primary concern is the correctness of the result in the trial court, not the route taken to reach it. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App.1982); *Stein v. Stein*, 789 S.W.2d 87, 93 (Mo.App.1990). It is presumed the trial court implicitly found the requisite factual basis for equitable relief. *Stein*, 789 S.W.2d at 93. Based on Mr. Ahrens's request for equitable relief and Ms. Ludlow's failure to claim that the trial court lacked equitable jurisdiction, the failure to specify a basis for such jurisdiction is harmless. It is necessary, therefore, to review only whether the trial court abused its discretion in making division of the omitted indebtedness.

■ The trial court has great discretion in determining a just division of marital property and its discretion will not be disturbed on appeal unless it is so unduly favorable to one party to amount to an abuse of discretion. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo.banc 1983); *Mueller v. Mueller*, 782 S.W.2d 445, 447 (Mo.App.1990). The same is true when the trial court divides marital debt. The party challenging the award carries the burden of showing the award as erroneous and the appellate court proceeds on the assumption that the trial court considered all the evidence when dividing marital property. *S.L.J. v. R.J.*, 778 S.W.2d 239, 244 (Mo.App.

**250**

1989). The aforementioned principles of law are applicable to the proceedings herein.

Here, it is clear that the intent of the trial court was to further affect a fair division of the marital property by its division of the additional marital debt. After a full review of the record, this court cannot say the trial court abused its discretion in allowing the tax liability incurred for 1986 and 1987 to be allocated to the husband. Thus, Appellant Ahrens' subpoint (b) is ruled against him.

Appellant's sole point is denied.

Respondent's request for attorney's fees is denied.

The judgment is in all respects affirmed.

All concur.