Frances L. LINK, Respondent,

v.

Wilma E. DOWDY, W.D. Runner
and Imogene Runner, his
wife, Appellants.

No. 17364.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 2, 1991.

Motion for Rehearing or Transfer to
Supreme Court Denied Oct. 15, 1991.

Janis L. Prewitt, Springfield, for appellants.

Robert S. Wiley, Crane, for respondent.

MONTGOMERY, Judge.

Plaintiff, Frances L. Link, commenced an action against defendants, Wilma E. Dowdy, W.D. Runner and Imogene Runner, for rescission and damages based on the purchase of a lot in Stone County, Missouri.[1] The petition alleged a mutual mistake by the parties, in that the lot shown to the buyer and intended to be sold and purchased was not the same lot conveyed by the sellers. A counterclaim was filed based on a promissory note given by buyer to sellers, secured by a deed of trust on the subject lot. Sellers claimed the note was in default and prayed for a judgment for the balance, interest and attorney fees.

The trial court entered judgment in favor of buyer on her petition and against sellers on their counterclaim.

The judgment recited:

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that the warranty deed, the promissory note and the deed of trust executed and delivered by the parties on February 18, 1987, and

---

1. For convenience, we will refer to plaintiff-respondent as buyer and defendants-appellants as sellers.

recorded in ... the Stone County Record-er's Office at Galena, Missouri are here-by rescinded and canceled; [buyer] is ordered to reconvey said real property by appropriate deed to the [sellers] who are ordered to accept same and to cause the deed of trust to be released from the record; [buyer] is awarded judgment against the [seller], Wilma E. Dowdy, for restitution in the principal amount of $3,494.00; and for interest at the legal rate of nine percent per annum from date of this judgment until satisfaction for which execution may issue upon tender of the deed required above. Costs are taxed against the [buyer].

Sellers appeal claiming two points of error.

Only buyer and seller Dowdy testified at trial. Relevant portions of their testimony are set forth.

Testimony by buyer:

Q. And you then met with [seller Dowdy] on the lot?

A. Yes, uh-huh.

Q. And did you and she look at the lot physically there on the grounds?

A. Yes, uh-huh.

Q. ... did [seller Dowdy] point out to you a specific plot of land that was the lot she was selling?

A. Yes, we stood right by it, stood right by it.

Q. Okay. You have some pictures that were made of the lot; do you not?

A. Yes.

Q. Let me go ahead and mark these and show them to you.

Let me show you, Frances, first of all, what I've marked Plaintiff's Exhibit 2 and ask if you can identify that for me.

A. Yeah, that's the lot she showed me.

Testimony by seller Dowdy:

Q. How many lots had you owned and sold approximately?

A. You mean just me the sole owner?

Q. You or you jointly with—

A. 18.

Q. All right. 18 lots you had sold. And the day that you met—I suppose it was one day, was it, during daylight hours that you met with [buyer]?

A. Yes, sir.

Q. Why was the purpose of meeting there if you weren't going to show her the lot?

A. Well, I just went there to show her where—to show her the area where the lot was, but I told her I didn't know where the location—the boundaries of it; but I give her a map, and I thought that would identify it.

Q. Was anybody else there with you?

A. No, sir.

Buyer and seller Dowdy met in early February 1987 to view the proposed lot to be purchased. A week or so later buyer called seller Dowdy and advised that she had decided to buy the lot. No written agreement was made prior to delivery of the warranty deed.

On February 18, 1987, sellers delivered to buyer a warranty deed which conveyed "all of Lot 3, Block 12, Coney Island Subdivision, a subdivision in Stone County, Missouri." That same day buyer executed a promissory note to sellers in the amount of $2,000 in monthly installments of $74.70 secured by a deed of trust covering the same legal description in the warranty deed. Buyer further paid sellers $2,000 down payment for a total purchase price of $4,000.

After February 18, 1987, buyer contacted a surveyor and requested a survey. The survey was dated April 1, 1987, and the surveyor was paid $50 for his services by check dated April 8, 1987. The surveyor placed four "survey streamers on what he determined to be, Lot 3, Block 12, Coney Island Subdivision."

Thereafter buyer placed her improvements within the survey markers, and her trailer home was "surrounded by those streamers." Buyer believed she placed the improvements on the lot purchased but actually the improvements were on Lot 3, Block 13 of Coney Island Subdivision which was owned by Lena Shelton.

Buyer received a letter from Shelton's son dated September 11, 1988, advising her

that she placed improvements on property she did not own and demanding the improvements be removed.

Buyer made twenty payments on the promissory note to sellers with the last payment in October 1988.

Seller Dowdy testified that Lot 3, Block 12, Coney Island Subdivision was held in her name, W.D. Runner, and Imogene Runner, but their names were only on the property for "survivorship." Imogene Runner is her sister, but seller Dowdy was the real owner of the lot, and any money she received from buyer was hers unless she passed away.[2]

Sellers' first claim of error is that mutual mistake was not shown by clear, cogent and convincing evidence, and the judgment is against the weight of the evidence. Sellers claim the evidence showed they did not precisely point out the boundaries of the lot and buyer relied upon her own survey to locate the lot.

■ In a court-tried case, our review under Rule 73.01 is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under that holding the judgment of the trial court is to be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Further, we are cautioned to exercise the power to set aside a decree or judgment on the ground that it is " 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* at 32.

We hold no belief that the judgment in this case is wrong.

The quoted testimony of both parties is clear that buyer was shown a lot which later she decided to purchase. In oral argument sellers admitted that the parties stood by the lot which was later staked by buyer's surveyor. Such evidence confirms that the parties agreed upon the purchase

of a particular lot yet another lot was actually conveyed.

In *Urban Expansion, Inc. v. Fireman's Fund*, 592 S.W.2d 239, 242 (Mo.App.1979), the court held:

In order to be entitled to reformation of any written instrument, the proponent thereof must show by clear and convincing evidence that a mistake was made that was mutual and common to both parties to the instrument. It must appear that both parties did what neither intended to do. A mutual mistake presupposes a prior or preceding agreement between the parties, and this agreement must be shown. (citations omitted) The mistake must be made out by the clearest evidence and upon testimony entirely exact and satisfactory.

■ We hold the evidence shows that both parties were mistaken as to the actual lot conveyed. The lot shown to buyer was the same lot where she placed her trailer home. It was the lot both parties stood beside and was generally pointed out by seller Dowdy as her lot. Buyer indicated she desired to purchase the lot shown to her. This was the lot the parties agreed would be conveyed. Both were mistaken.

Sellers place fault with the survey obtained by buyer on April 1, 1987. It is unclear from the record how the surveyor made the same mistake as the parties. The mistake of the surveyor does not change the outcome of this case because the evidence supports the trial court's finding that the parties were mutually mistaken on the lot conveyed by warranty deed on February 18, 1987. That mistake was prior to the survey received by buyer on April 1, 1987. A correct survey could have only alerted the parties to their mistake sooner.

Sellers cite *Heinze v. Hobson*, 622 S.W.2d 17 (Mo.App.1981). Even though the trial court was upheld in finding no mutual mistake, the case does not aid sellers. The facts reveal that the parties jointly viewed the land to determine the tract to be conveyed. They measured a distance

2. Apparently, this testimony was the basis for the trial court awarding buyer judgment of $3,494.00 only against seller Dowdy.

agreeable to both, and marked the end point that determined the width of the tract. Neither measured the length of the tract, and no survey was made prior to the conveyance. "It conveyed the land that the parties intended to convey based on their visual inspection and their limited measurements. The deed accomplished their object and intention." *Heinze, supra,* at 19.

In the instant case the parties jointly viewed the land to determine the particular tract to be conveyed, but the deed conveyed a different tract than intended by the parties. The deed did not accomplish their object and intentions.

■ "A court of equity has jurisdiction to relieve parties to a transaction from the consequences of mistake. The granting of relief on the ground of mistake is one of the most familiar functions of the court." See *Miller v. Haberman,* 224 S.W.2d 1002, 1005 (Mo.1949). In this case, the judgment of the trial court relieved the parties of their transaction resulting from mutual mistake. Sellers were placed in their original position of owning the lot presumably worth $4,000 while restoring to buyer her funds expended for the purchase price. We find no error in regard to sellers' first point.

■ Sellers' remaining point complains of the finding in favor of buyer on her petition and failure to grant sellers relief on their counterclaim. Sellers again state that buyer failed to establish any basis for cancellation of the warranty deed and note and deed of trust. We have found ample evidence to support the judgment declaring mutual mistake of the parties. The judgment adequately relieves the parties from the consequences of their mistake. *Miller, supra.*

The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.