**Emilie Rose CULP, Respondent,**

v.

**Robert D. CULP, Appellant.**

**No. WD 46318.**

Missouri Court of Appeals, Western District.

Aug. 3, 1993.

Patricia D. Reynolds, Kansas City, for appellant.

L. Clay Barton, Oak Grove, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Former husband appeals from judgment in former wife's independent suit in equity, by which court divided the stipulated lump sum value of husband's pension, $12,500, equally between husband and wife.

The dissolution had taken place in 1983. The pension was marital property, but it was not allocated or otherwise mentioned in the 1983 dissolution judgment.

In accordance with *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), which held that a spouse by an independent suit in equity could seek the division of marital property left undivided in a dissolution decree which had become final, wife filed the present suit in equity. The present suit was filed in 1990, seven years after the dissolution decree.

We hold that wife has not alleged in her petition any ground for equitable relief, nor has her evidence shown any such ground. It is not sufficient merely to show that marital property was left undivided in the dissolution decree; there must also be shown some ground for the exercise of the equitable powers of the court, such as fraud or mistake. Wife does not claim any such ground exists. The pension was before the court in the original dissolution case. It was unaccountably omitted from the property-dividing provisions of the decree.

The Supreme Court case of *Chrun v. Chrun*, 751 S.W.2d 752 (Mo. banc 1988), is very much like the present case on its facts, and its holding is dispositive of this case. There a husband's pension had been left undivided by the dissolution decree, and wife, in a motion which was treated by the court as an independent suit in equity, sought division of the pension. The Supreme Court reversed the trial court's division of the husband's retirement plan. The court said:

... [T]he motion in this case makes no averments nor could it be liberally construed as pleading equitable grounds for review of the judgment. Instead, the language of the motion is consistent with that customarily employed in motions to modify decrees, citing changed circumstances, but making no reference to mistake, accident or extrinsic fraud ... [W]e cannot say that she has invoked the equitable powers of the court to divide the previously undivided property. The trial court was thus without jurisdiction to proceed, the judgment in the dissolution having become final.

*Chrun*, 751 S.W.2d at 755.

We have examined the cases cited by wife for her position, but none of them is essentially inconsistent with *Chrun*.

The judgment of the trial court is reversed.

All concur.