**Elnora (Wyatt) IVERSON, Respondent,**

v.

**Kenneth I. WYATT, Appellant.**

**No. WD 54336.**

Missouri Court of Appeals,
Western District.

May 26, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

David E. Martin, Independence, for appellant.

Lloyd Koelker, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

RIEDERER, Judge.

Elnora (Wyatt) Iverson ("Wife") and Kenneth Wyatt ("Husband") were married in 1962 and divorced in 1977. The hearing in the dissolution case was held on May 4, 1977. Wife, Petitioner in the original divorce case, testified in that hearing that she and Respondent Husband had acquired real estate legally described as the North one-half of lot 3, Swope Parkway Summit, a subdivision in Kansas City, Missouri. Her attorney asked her, "And you have agreed and you have executed a deed from yourself to the respondent?", to which Wife answered "yes." Wife also testified as follows:

Q. Now, all of the property has been divided, has it not, except for one item and that's a dining room outfit?

A. Yes.

Q. And that respondent has agreed that you shall have?

A. Yes.

Q. For your sole and separate property?

A. Yes.

Q. You have agreed that he shall have the house and the other furnishings?

A. Yes.

Q. And that has been divided to your satisfaction, all except the dining room furnishings?

A. Yes.

Later on, Wife testified as follows:

Q. Now there is a large number of bills which the respondent is agreeing to pay, is that true?

A. Yes.

Q. And have you agreed that the total amount of the bills which respondent is to pay is $30,750.02?

A. Yes.

The trial court specifically inquired if the parties had waived their right to a division of the marital property. Both parties verbally waived this right while testifying under oath at the hearing. The court took the matter under advisement. Husband's attorney apparently submitted a proposed judgment entry which was returned to Husband's attorney with a cover letter from the trial court dated July 21, 1977, stating as follows:

I am returning the judgment entry which you prepared as the entry conveys the real estate to the respondent.

My notes do not reflect that I decreed this action. I also checked the court reporter's notes, enclosed, and did not decree the conveyance of the real estate. In fact, my notes reflect that the parties waived their rights to division of the marital property by the court. I only ordered the respondent to indemnify the petitioner from any obligations.

The court then entered a decree of dissolution on July 29, 1977. This original decree did not recite that the parties had waived their right to a division of the marital property. However, the court made the following entry:

It is further ordered, adjudged, and decreed that the parties execute all documents necessary to effectuate the property settlement agreement.

It is further ordered, adjudged, and decreed that the respondent indemnify and hold harmless the petitioner from the obligations identified on respondent's Exhibit No. 1.

The record does not contain a copy of Respondent's Exhibit No. 1.

Wife never executed the deed to the property. In 1987, Husband filed within the same divorce case, DR77–1428, a "Motion to Compel Compliance with Decree." Judge Randall overruled the motion, stating that he did not have jurisdiction. In 1993, Husband filed a separate civil action entitled "Petition for Allocation of Omitted Marital Property." That separate civil action was dismissed in 1994. After that dismissal, Husband filed a "Petition for Allocation of Omitted Marital Property" within the original divorce action, DR77–1428. The trial court denied Husband's motion for summary judgment on June 17, 1994. On November 9, 1994, Judge Nugent granted Husband leave to amend his motion. The "First Amended Motion" now alleging "accident, mistake, or extrinsic fraud" was filed February 2, 1995. As the facts were undisputed, the parties filed a joint motion for summary judgment on February 22, 1995, and each party was granted

leave to file written suggestions. The trial court, finding that there was no accident, mistake, or extrinsic fraud, granted Wife's motion for summary judgment.

Husband's sole point on appeal is that the trial court erred in granting summary judgment in favor of Wife because accident, mistake, or extrinsic fraud influenced the original dissolution decree. The accident, mistake, or extrinsic fraud is Wife's promise to convey a deed and subsequent failure to do so.

## Standard of Review

In reviewing the grant of summary judgment, we review the entire record in a light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*, as the propriety of summary judgment is purely an issue of law. *Id.* We need not defer to the trial court's order. *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Summary judgment is proper when the movant has established an entitlement to judgment as a matter of law. *Id.* at 382. The non-moving party may defeat the motion by showing that a genuine issue of material fact exists. *Id.* An issue is "genuine" if it is "real, not merely argumentative, imaginary or frivolous." *Id.* We are to review the record in the light most favorable to the non-moving party, and accord the non-moving party the benefit of all reasonable inferences. *Id.* We are to take as true the facts supporting the motion for summary judgment unless they are contradicted by the non-moving party's response to the motion for summary judgment. *Id.* at 376. Our inquiry, therefore, is whether summary judgment in favor of Wife is appropriate.

## Rule 74.06

Appellant claims that his motion was not a Rule 74.06 motion, but rather was a motion for equitable relief, seeking the allocation of marital property omitted from the original decree of dissolution. Rule 74.06 is entitled "Relief From Judgment or Order" and provides, in pertinent part:

**(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

**(c) Motion Under Subdivision (b)—Affect on Judgment—Time for Filing—Notice of Hearing—Service.** A motion under subdivision (b) does not affect the finality of a judgment or suspend its operation. The motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered. The motion and a notice of a time and place for hearing on the motion shall be served upon the parties to the judgment pursuant to Rule 54.

**(d) Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

■■■ Appellant filed a motion alleging "accident mistake or extrinsic fraud," each of which is a predicate of Rule 74.06. Standing alone, the motion allegations would not mean, ipso facto, that this is a motion under Rule 74.06. However, this motion was filed as

part of the original dissolution case, under the number DR77–1428. Nonetheless, Appellant argues that form should not triumph over substance and that therefore, this court should consider his motion as if it were an independent suit in equity. In Missouri, after a trial court's judgment distributing marital property becomes final and one year has passed, and where marital property is not divided by the original decree of dissolution, the remedy is a separate suit in equity. *Chrun v. Chrun,* 751 S.W.2d 752, 754 (Mo. banc 1988). Thus, the issue for us to decide is whether the Appellant's amended filing of his "Petition for Allocation of Marital Property" within the original dissolution action constituted a Rule 74.06 motion or a separate suit in equity.

The Supreme Court took up the issue of distributing omitted marital property in *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980). In that case, Wife filed a motion to vacate a judgment seven months after the decree was entered, and alleged that certain marital property (shares of stock in a close corporation and Husband's retirement fund with that same corporation) had not been distributed. That motion was dismissed, and wife then filed mandamus. The court held that the judgment was final because to hold otherwise would vitiate the statute which provided that a "court's order as it affects distribution of marital property shall be a final order not subject to modification." *Id.* at 407. The court suggested "that Sharon file in the trial court a separate proceeding seeking equitable relief in this rather unique fact situation." *Id.*

However, in 1988, the Supreme Court heard the case of *Chrun v. Chrun* "to determine the proper procedure for dividing marital property between former spouses not divided in the original dissolution of marriage." 751 S.W.2d at 753. In *Chrun,* the wife filed, more than eleven years after the original decree, a motion to modify the decree or in the alternative to distribute undistributed assets. The court concluded "we now hold that post-final-judgment efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity." *Id.* at 755. The court further observed: "To the extent that property is not divided by the decree of dissolution, the only remedy after the judgment becomes final is a separate suit in equity." *Id.* This observation was accompanied by a footnote which provided: "Rule 74.06 (effective January 1, 1988), modifies this result. That rule is not applicable in this case, however. It allows a post-final-judgment motion under enumerated circumstances, within one year. After the expiration of that time, an independent action in equity is required." *Id.*

This principle that an independent action in equity is required has been followed by all districts of this court since *Chrun.* In *Ludlow v. Ahrens,* 812 S.W.2d 245 (Mo.App. 1991), the husband and wife entered into a property settlement agreement which was incorporated into the decree, and when husband did not make certain payments to wife as contemplated by that agreement, wife "elected to enforce her rights under the property settlement agreement in a breach of contract action," about four months after the decree was entered. *Id.* at 247. Husband filed a counterclaim. The court held: "When marital property has been omitted from distributions in a dissolution action and the judgment is final, the remedy is to bring a separate suit in equity to determine the nature of the property and its proper disposition." *Id.* at 249. In *Culp v. Culp,* 858 S.W.2d 819 (Mo.App.1993), wife filed a suit in equity to seek division of marital property left undivided in a dissolution decree which had become final and the court held:

> We hold that wife has not alleged in her petition any ground for equitable relief, nor has her evidence shown any such ground. It is not sufficient merely to show that marital property was left undivided in the dissolution decree; there must also be shown some ground for the exercise of the equitable powers of the court, such as fraud or mistake. *Id.* at 820.

In *Eakes v. Eakes,* 937 S.W.2d 336 (Mo. App.1996), wife file a suit in equity to divide assets she claimed were overlooked by the decree of dissolution. The court noted: "After a trial court has ordered a partial distribution of marital property and the judgment of dissolution is final, the dissolution court

lacks jurisdiction under a motion filed in the original case to determine the nature of omitted property or to provide for its distribution. [Omitting citations] The proper procedure for dividing marital property which was omitted from the original decree because of mistake or fraud is a separate proceeding seeking equitable relief." *Id.* at 337–38 (*citing Chrun* ).

In *Lin v. Lin,* 834 S.W.2d 224 (Mo.App. 1992), Wife filed a "Motion to Set Aside Decree of Dissolution of Marriage and Property Settlement Agreement," and it was treated by the trial court as an independent action in equity to set aside a judgment in a dissolution of marriage case. *Id.* at 225. The property settlement agreement was in writing and was approved by the dissolution court. The trial court in the later independent suit in equity denied relief, and the Court of Appeals affirmed. The court noted that "the power of the court to entertain an independent action to set aside a judgment for fraud upon the court is not limited by Rule 74.06." *Id.* at 227. The court cited *McKarnin v. McKarnin,* 795 S.W.2d 436 (Mo.App.1990) for the proposition that there is no time limitation on the bringing of an independent action in equity to set aside a judgment. The *Lin* court went on to say, however, that in these cases, the fraud alleged must be "extrinsic fraud" and "the complaining party must show his [or her] absence of fault, neglect, or inattention to the case." *Id.* at 227. *See also Reding v. Reding,* 836 S.W.2d 37 (Mo.App.1992).

 In the present case, the remedy Appellant should have sought was an independent suit in equity. Appellant urges this court to treat his suit as if it were such. Appellant's case is different from all those cited *supra;* in Appellant's case, the reason the property was not divided in the original decree is that the Appellant waived such division, and that waiver was induced by the false testimony of Appellant's spouse that she had already deeded the property to Appellant. Appellant has tried five times, without success, to find the proper remedy for his predicament. The equities lie with Appellant. However, this does not change the law, which requires him to file an independent suit in equity.

Appellant's "Petition for Allocation of Omitted Marital Property" was filed within the original dissolution case of 1977, under the number DR77–1428. Appellant argues that substance should triumph over form, and the court should consider his motion as an independent suit in equity. However, under both Rule 74.06 and Missouri case law, when a judgment of a trial court distributing marital property becomes final and one year has passed, it may not be modified by a motion filed in the original case. *Chrun,* 751 S.W.2d at 754.

Over one year has lapsed since the parties waived their rights to division of marital property and the dissolution of the marriage became final. In this case, Appellant's only remedy is a separate suit in equity. *Id.* at 755.

The decision of the trial court is affirmed.

LAURA DENVIR STITH, P.J., and HANNA, J., concur.