Patricia GILMORE (f/k/a Lawler), Respondent,

v.

Mark James LAWLER, Appellant.

No. WD 65391.

Missouri Court of Appeals,
Western District.

Aug. 22, 2006.

John A. Reed, Independence, MO, for appellant.

Jeffrey S. Bay, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Mark Lawler ("Husband") appeals from a judgment entered in the Circuit Court of Jackson County dividing a piece of marital real-estate and a marital debt between Husband and Patricia Gilmore ("Wife") in an independent suit in equity filed by Wife. For the following reasons, we reverse and remand for further proceedings.

The marriage between Husband and Wife was dissolved by a judgment entered in the Circuit Court of Common Pleas in Montgomery County, Pennsylvania, on September 19, 2001. The judgment specifically provided that no other relief was being granted aside from dissolution of the marriage, and it did not divide any of the couple's property. The dissolution decree was subsequently registered in the Circuit Court of Jackson County, Missouri.

On August 28, 2003, Wife filed a "Petition in Equity" asking the Circuit Court of Jackson County to divide a piece of marital real estate located at 8236 Wayne in Kansas City, Missouri. At trial, Wife testified that the couple owned the property at 8236 Wayne jointly. She testified that she and Husband had taken out a home equity loan, secured by her house in Pennsylvania, in order to pay off the outstanding balance on the 8236 Wayne property and several of Husband's debts from before marriage. After the couple separated, Husband ceased contributing to the loan payments, and Wife was eventually forced to sell her home to pay off the loan on December 21, 2000. When she did so, the bank holding the loan signed over the note to her.

The case was tried to the court on September 27, 2004. The trial court found that each party should be responsible for one-half of the outstanding principal and interest on the loan. The court calculated that obligation to be $29,950 each. The court set aside the house as the sole and separate property of Wife. The court found that the house was worth $16,000 and gave Husband credit for half the value of the house ($8,000) against the amount he owed on the loan. The court then entered a judgment in favor of Wife against Husband in the amount of $21,959, the outstanding balance on Husband's portion of the loan.

In his sole point on appeal, Husband contends that the trial court erred in failing to assign him a 50% interest in the property at 8236 Wayne. Husband conclusively asserts that Wife's claim was actually an action in partition and that, in an action for partition, in order to adjust equities in real property, the reason for doing

so must be related to the property. Husband claims that, because the court's reasoning for making an unequal division rested upon a debt accumulated in Pennsylvania, the majority of which had nothing to do with the property,[1] its decision to award Wife more than half of the property was erroneous.

As in any court-tried case, our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2] *Blair v. Blair*, 147 S.W.3d 882, 884 (Mo. App. W.D.2004). " 'The judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.' " *Id.* at 885 (quoting *Eckhoff v. Eckhoff*, 71 S.W.3d 619, 622 (Mo. App. W.D.2002)). "In making these determinations, this Court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary." *Id.*

■ The trial court found that Wife had pled and proven her cause of action in equity. While Husband has failed to develop any argument establishing that Wife did not plead and prove an action in equity, we must consider whether Wife sufficiently invoked the equitable powers of the court to divide the previously undivided marital property and debt in an action in equity. Where the plaintiff fails to invoke the equitable powers of the court, the trial court lacks jurisdiction to grant a petition in equity. *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988).

■ "Missouri law has consistently held that the appropriate remedy for allocating undistributed property when the issue is raised after the original order has been made final is to bring a separate suit in equity."[3] *Milligan v. Helmstetter*, 15 S.W.3d 15, 25 (Mo.App. W.D.2000). "When marital property is not divided in the course of an action for dissolution of marriage, a subsequent, independent action to divide the omitted property may be brought *if the earlier omission occurred due to fraud, accident or mistake.*" *McElroy v. McElroy*, 826 S.W.2d 105, 106 (Mo.App. S.D.1992) (citing *In re Marriage of Doss*, 822 S.W.2d 427, 428 (Mo. banc 1992), and *Chrun*, 751 S.W.2d at 755) (emphasis added). " 'It is not sufficient merely to show that marital property was left undivided in the dissolution decree; there must also be shown some ground for the exercise of the equitable powers of the court, such as fraud or mistake.' " *Iverson v. Wyatt*, 969 S.W.2d 797, 800 (Mo.App. W.D.1998) (quoting *Culp v. Culp*, 858 S.W.2d 819, 820 (Mo.App. W.D.1993)).

In the case at bar, Wife failed to allege in her petition any ground for equitable relief, and the evidence presented at trial failed to demonstrate the existence of any fraud, accident, or mistake. In fact, the evidence reflects that Wife intentionally amended her dissolution petition in Pennsylvania to remove a request that the court

---

1. Wife's testimony reflected that approximately $5,000 of the home equity loan at issue had been used to pay off the mortgage on the property at 8236 Wayne.

2. " 'The standard of review mandated by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), for court-tried cases is applicable in both actions at law and in equity.' " *Blair v. Blair*, 147 S.W.3d 882, 884 n. 2 (Mo.App. W.D.2004) (quoting *Asbury v. Crawford Elec.*

*Co-op., Inc.*, 51 S.W.3d 152, 156 (Mo.App. S.D.2001)).

3. "[J]ust like property, omitted marital debt, discovered both after the original division decree has become final and appeal is not longer possible, may only be distributed in a separate action of equity." *Milligan v. Helmstetter*, 15 S.W.3d 15, 26 (Mo.App. W.D. 2000).

divide the couple's marital property in an effort to expedite her divorce, and there is no assertion or indication that Wife was unaware of the existence of the property at 8236 Wayne or the home equity loan when she so amended that petition. As such, Wife failed to invoke the equitable power of the court, and the trial court lacked jurisdiction to grant her petition in equity. *Chrun*, 751 S.W.2d at 755. Accordingly, the judgment must be reversed.

As Husband concedes that Wife has sufficiently pled an action for partition, the cause is remanded for further proceedings to consider whether partition is appropriate and, if so, how the property should be partitioned. The trial court is directed to freely allow Wife the opportunity to amend her pleadings to refine the partition claim and to add any further claim she might have upon the note she holds against Husband.

All concur.