Christopher Hawes NAUNHEIM,
Respondent,

v.

Mary Elizabeth NAUNHEIM,
Appellant.

No. ED 90893.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 2008.

James J. Leightner, St. Louis, MO, for appellant.

Sanford J. Boxerman, Stephen T. Hamby, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The wife, Mary Naunheim, appeals the judgment entered by the Circuit Court of St. Louis County dismissing with prejudice her motion to divide undivided property, which she filed in the dissolution action six years after judgment. We affirm the judgment of dismissal because a claim for omitted property should have been filed as an independent action in equity. However, because the court lacked authority to adjudicate the issue, the dismissal should have been without prejudice.

Mary Naunheim divorced Christopher Naunheim in 2001, and their separation agreement, incorporated into the judgment, distributed the parties' real property to the husband. The agreement also contained a provision for the equal distribution of any marital property omitted from the agreement. Neither party appealed the dissolution judgment.

In 2006, upon settlement of a class-action lawsuit, the parties received compensation from the federal government for a Fifth–Amendment taking of part of the real property. When the husband did not share the settlement proceeds with the wife, she filed a motion to divide undivided property in the dissolution action, asserting that the parties' separation agreement entitled her to one half of the proceeds. The husband filed a motion to dismiss, contending that the wife failed to state a claim and that the dissolution court lacked jurisdiction. The dissolution court denied the wife's motion to divide, granted the husband's motion to dismiss, and dismissed the wife's motion with prejudice.

This judgment is difficult to construe because the dissolution court appears to both deny the wife's motion on the merits and to dismiss the motion for lack of jurisdiction.[1] In any event, we conclude that the court lacked authority to divide any property omitted from the dissolution judgment, and therefore the court properly dismissed the wife's motion. However, such dismissal should have been without prejudice.

Section 452.360.2 RSMo. (2000) provides: "The court's judgment of dissolution of marriage or legal separation as it affects distribution of marital property shall be a final judgment not subject to modification." "[P]ost-final-judgment efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity." *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988). A separate action in equity constitutes the only remedy once the judgment becomes final and more than one year has passed.[2] *Id.; Iverson v. Wyatt,* 969 S.W.2d 797, 801 (Mo.App. W.D.1998). A party may bring a subsequent, independent action to divide the omitted property if the earlier omission occurred through fraud, accident, or mistake. *Gilmore v. Lawler,* 198 S.W.3d 654, 656 (Mo.App. W.D.2006).

Here, the court entered the dissolution judgment in 2001, and the judgment became final thirty days later. Rule 81.05(a)(1). Six years thereafter, the wife filed a motion in the same action asking the dissolution court to divide settlement proceeds from a lawsuit. Section 452.360.2 provides that the marital-property distri-

---

1. It is unclear if the dissolution court relied on the various documents the parties submitted to the court with their memoranda. We make no judgment as to their legal effect.

2. Rule 74.06 allows the trial court to set aside a final judgment for enumerated reasons,

upon motion made within one year. The rule does not apply here because the dissolution judgment became final six years before the wife filed her motion to divide undivided property.

bution shall be a final judgment, which cannot be modified. As *Chrun* and its progeny make clear, property omitted from the dissolution judgment may be divided only in a separate action in equity once the dissolution judgment becomes final and more than one year has passed. *Chrun*, 751 S.W.2d at 755; *Iverson*, 969 S.W.2d at 801. *Chrun* admits of no exceptions to this rule such that the parties could contractually vest authority in the dissolution court to divide property after final judgment.

Equity will provide relief from a judgment obtained by extrinsic fraud, accident, or mistake. *Chrun*, 751 S.W.2d at 755. When a party seeks equitable relief, however, it is not sufficient merely to aver that the dissolution judgment failed to divide all marital property. *Gilmore*, 198 S.W.3d at 656. A party must show some basis for exercise of the court's equitable powers, such as by pleading fraud or mistake. *Id.*

The court properly dismissed the wife's motion because it lacked authority to render judgment as to undivided property six years after the final dissolution judgment. *See In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006). We affirm the judgment of dismissal. However, the dissolution court should have dismissed the matter without prejudice so that the wife may file an independent action in equity. *Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 29 (Mo. banc 2003). We modify the judgment of dismissal to be without prejudice. Rule 84.14; Missouri Soybean, 102 S.W.3d at 29.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.