Amy Nicole MAY (Formerly "O'Roark"), Respondent,

v.

Michael Shane O'ROARK, Appellant.

No. WD 72254.

Missouri Court of Appeals,
Western District.

Jan. 18, 2011.

Gary M. Steinman, for Appellant.

Philip F. Cardarella, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Michael O'Roark appeals the trial court's judgment in equity allocating undistributed marital property. On appeal, O'Roark claims that the trial court erred in: (1) granting equitable relief without evidence of fraud, mistake, or accident; (2) awarding $18,050.00 in damages to his ex-wife where there was no evidence to support such damages; and (3) granting judgment in favor of his ex-wife where she had contracted her right to the property at issue to O'Roark in the parties' dissolution proceedings. The judgment of the trial court is affirmed.

## Factual and Procedural Background

Michael O'Roark and Amy May married in 1997. During their marriage, they operated a Missouri limited liability company known as KC Motor Vehicle Sales, LLC ("the LLC"). In 2006, the parties filed an action to dissolve their marriage. After the action was filed, O'Roark excluded May from the operations of the LLC and operated the business for the first few

months of 2006 while it was being closed down. During the dissolution proceedings, O'Roark provided May a sworn statement of marital and non-marital property and liabilities. O'Roark listed the LLC as marital property, but because it was no longer operating, he listed the present value of the LLC as "gone." O'Roark listed no other assets relating to the LLC.

On November 21, 2006, the parties entered into a settlement agreement for the purpose of dissolving their marriage and dividing their marital property. The trial court entered a judgment dissolving the marriage, which incorporated the parties' agreement. As to the LLC, the judgment provided under the category "Indebtedness" that O'Roark was responsible for the tax preparation and any deficiency related to the LLC. Because the LLC was no longer in operation at the time, the LLC itself was not listed as an asset set aside to either party.

On May 31, 2007, O'Roark filed his 2006 federal income tax return. On Line 12 of the return, O'Roark identified a business loss for the LLC in the amount of $125,751.00. May learned of the loss when she received O'Roark's 2006 tax return as part of a proceeding to modify the parties' dissolution judgment. On July 9, 2009, May filed a petition seeking a judgment in equity allocating the business loss, claiming that it was an undistributed marital asset. After a trial was held on the matter, the trial court entered a judgment in favor of May. The court found that the deductible income tax loss related to the LLC was an undivided marital asset and that O'Roark was or should have been aware of the existence and value of the asset at the time of the dissolution but failed to disclose it to May. The court further found that the failure to distribute the asset resulted in $18,050.00 in increased tax liability for May. Therefore,

the court awarded her that amount in damages. This appeal by O'Roark followed.

## Standard of Review

The judgment in a court-tried case will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the trial court's decision and disregard all evidence contrary to the judgment. *Henning v. Henning*, 72 S.W.3d 241, 245 (Mo.App. W.D. 2002). Furthermore, the trial court is free to believe or disbelieve all, part, or none of a witness's testimony, and we defer to the trial court's determination of witness credibility. *Cross v. Cross*, 318 S.W.3d 187, 190 (Mo.App. W.D.2010).

## Discussion

■ Because O'Roark's first and fourth points address the same subject, we will address them together. In his first point, he contends that the trial court erred in granting May equitable relief because she failed to present evidence that O'Roark knew or should have known of the 2006 deductible loss prior to the judgment of dissolution. Similarly, O'Roark contends in his fourth point that the trial court erred in granting May equitable relief because there was no evidence of fraud, mistake, or accident.

■. Where marital property has been omitted from a trial court's judgment distributing property in a dissolution action and the judgment is final, the remedy is to bring a separate suit in equity to determine the proper disposition of the property. *Ludlow v. Ahrens*, 812 S.W.2d 245, 249 (Mo.App. W.D.1991). In such an action, " '[i]t is not sufficient merely to show

that marital property was left undivided in the dissolution decree; there must also be shown some ground for the exercise of the equitable powers of the court, such as fraud or mistake.'" *Iverson v. Wyatt,* 969 S.W.2d 797, 800 (Mo.App. W.D.1998) (quoting *Culp v. Culp,* 858 S.W.2d 819, 820 (Mo.App. W.D.1993)).

O'Roark claims that the trial court should not have utilized its equitable powers in the absence of evidence of fraud, mistake, or accident. He argues that there was no such evidence in that May failed to present evidence that he knew of or had reason to know of the deductible loss prior to the entry of the dissolution judgment. O'Roark bases his argument in part on the fact that his 2006 tax return was not filed until May 2007, approximately six months after the entry of the dissolution judgment. However, May provided evidence at trial from which the trial court could have reasonably found that O'Roark knew or should have known of the deductible loss prior to November 2006, when the parties' dissolution judgment was entered.

At trial, May's counsel read from O'Roark's deposition. O'Roark had testified that he operated the LLC during the first few months of 2006 while it was being closed down and that the approximate $125,000 loss reflected a loss that occurred during those months. May testified that during that time, O'Roark excluded her from the business and that as the owner and operator of the LLC, he was the only one privy to information relating to the liquidation of the LLC's inventory. Because the business was closed down and all the inventory was gone by at least six

months prior to the entry of the dissolution judgment, May believed that O'Roark would have known, or at least should have known, if there had been a substantial loss. In light of the circumstances to which May testified, there was substantial evidence from which the trial court could have determined that O'Roark knew of or should have known of the existence of a substantial deductible loss.

■ There was also substantial evidence from which the trial court could have found that O'Roark, whether intentionally or by mistake,[1] failed to disclose the loss to May. During O'Roark's deposition, May's attorney asked him what was left over after the business was closed down. O'Roark testified that the only assets left over were $17,000, which was used to buy May a vehicle, and five or six thousand dollars in cash, which O'Roark kept. Additionally, on the sworn statement of marital property, which he provided to May, O'Roark listed the LLC, crossed it out, and stated that the present value of the LLC was "gone." He did not disclose any additional assets related to the LLC. Therefore, the trial court did not err in finding that O'Roark failed to disclose the deductible loss to May. O'Roark's first and fourth points are denied.

■ In his second point on appeal, O'Roark contends that the trial court erred in awarding May $18,050.00 in damages because the draft tax returns upon which the court relied in making its award were improperly admitted into evidence over hearsay and foundation objections. At trial, May's actual 2006 federal and

1. O'Roark appears to argue in his fourth point that the trial court erred when it did not specify whether it was invoking its equitable powers on the basis of mistake or fraud. While the trial court did not determine whether O'Roark's failure to disclose the loss was inadvertent or purposeful, the court found that either way it constituted fraud or a mistake material to the lawful division of marital property. Because both mistake and fraud are grounds for the exercise of the court's equitable powers, the court's findings were sufficient.

state tax returns were entered into evidence without objection. May also sought to enter into evidence Exhibits 6 and 7, which were tax returns drafted by a third party, which used all the same numbers as her actual 2006 returns but included half of the deductible loss. Exhibits 6 and 7 demonstrated the amount by which her tax liability would have been lowered if she had been able to include half of the deductible loss. O'Roark objected to the exhibits on the basis of hearsay and lack of foundation, and the trial court overruled his objections.

Contrary to O'Roark's argument, there was additional evidence in the record upon which the trial court could have relied when determining the amount of damages. May testified at trial that she was familiar with the calculations necessary for a Form 1040, including the incorporation of a business loss in the calculations. May also testified that she had used the IRS 2006 1040 instructions and independently made the calculations necessary to determine what her 2006 tax liability would have been if half of the business loss had been included. O'Roark did not object to this testimony. May also prepared Exhibit 8, which calculated the difference between the amount she actually paid in taxes for 2006 and the amount she would have paid if she had been able to include half of the loss on her federal and state tax returns. Exhibit 8 provides that the calculation yielded a difference of $18,050.00. Counsel for O'Roark stated that he had no objection to this exhibit.

O'Roark argues on appeal only that Exhibits 6 and 7 were erroneously admitted and could not have supported the trial court's determination of damages. O'Roark makes no claim that Exhibit 8 was improperly admitted or that it could not form the basis for the trial court's award of $18,050.00 in damages to May.

Where there was other evidence in the record supporting the trial court's finding, and O'Roark makes no arguments against the admission or use of that evidence, the trial court did not err in awarding May $18,050.00 in damages.

■ In his third point on appeal, O'Roark contends that the trial court erred in granting May equitable relief in that: May had within her reach information sufficient to identify the deductible loss; May contracted away her right to the loss and released O'Roark from any claim to the loss in the parties' settlement agreement; and May admitted at trial that the LLC was set aside to O'Roark during the dissolution proceedings.

As to the first prong of his argument, O'Roark asserts that as a member of and an active participant in the LLC, May was familiar with the business. Additionally, because May was the bookkeeper for the LLC and coordinated information with the parties' tax preparer, May was familiar with the LLC's profitability. Finally, O'Roark claims that because May was aware that O'Roark was closing down the business, she was on notice to make further inquiry into the possible tax consequences associated with closing the business. In support of his argument, O'Roark cites a case which states that "equity will not relieve against mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and, without inducement by the other party, neglects to avail himself of his opportunities of information." *S.G. Payne & Co. v. Nowak*, 465 S.W.2d 17, 20 (Mo.App.1971).

O'Roark's argument is without merit where the evidence shows that May did inquire as to the financial circumstances of the LLC after the business closed and that O'Roark induced her to believe that there were only certain assets left. When

O'Roark was asked during a deposition what assets were left after the business was closed, he stated that there was a car worth $17,000, which May received, and five to six thousand dollars, which O'Roark kept. Additionally, O'Roark wrote on his sworn statement of marital property that the present value of the LLC was "gone" and did not list any other assets relating to the LLC, other than the vehicle that May received. Therefore, the evidence shows that May inquired about the assets left over after the business closed and was induced by O'Roark to believe that the only remaining assets were the vehicle and five or six thousand dollars. Furthermore, the fact that May was familiar with the LLC's profitability does not lead to the conclusion that she would have been aware of the substantial loss where she testified that during the year prior to the divorce proceedings, the LLC had made an $80,000 profit.[2]

O'Roark next argues that May contracted away any right to the deductible loss by signing the settlement agreement, which provides that any property not listed in the exhibits attached to the agreement is declared to be non-marital property. However, the agreement further provides that neither party makes any claim to the non-marital property of the other, which each party "understands is the property owned by the other prior to their marriage, or acquired during the marriage from the proceeds of property owned before the marriage, by gift or inheritance by the other." There is no evidence to indicate that anything related to the LLC falls under any of the non-marital property categories. Even if the language of the agreement could cause the deductible loss to be non-marital property, there is no evidence to establish whose non-marital property it would be. Moreover, in his sworn statement of marital and non-marital property and liabilities, O'Roark listed the LLC as marital property but crossed it out and said that it was "gone." In a related argument, O'Roark asserts that the settlement agreement provides that each party releases the other party from any claim related to any property set aside to the other in the agreement. However, May has not released O'Roark from her present claim because neither the deductible loss nor the LLC itself was set aside to either party in the agreement.

In his final argument, O'Roark claims that May admitted at trial that the LLC was set aside to O'Roark in the parties' settlement agreement. However, it is the language of the agreement that is relevant, not May's interpretation of it. The loss is not listed anywhere in the agreement, and the LLC is listed only under the category of "Indebtedness" where it says that O'Roark would pay for tax preparation and any deficiency related to the LLC. Furthermore, May clarified on redirect that the agreement gave O'Roark only the responsibility to pay for tax preparation and any deficiency. Therefore, where the terms of the agreement did not set aside the LLC to O'Roark, and May did not contract away her right to the loss or release O'Roark from a claim to half of the loss, the trial court did not err in awarding May equitable relief.

The judgment of the trial court is affirmed.

All concur.

---

2. We also note that May testified that she was excluded from the business in 2006 and thus had no knowledge regarding the operations of the business.